JOSEPH UHRIG, Appellant, v. THE CITY OF ST. LOUIS, Respondent.

1. *Injunction, assessment of damages on dissolution of* — *City of St. Louis, counsel for.* — The damages to be assessed upon the dissolution of an injunction (Wagn. Stat. 1030, § 13) are what the defendant has actually suffered. And in the assessment of damages on the dissolution of an injunction against the city of St. Louis, it appearing that the city counselor received no special fee for defending the injunction suit, *held,* that a fee for such defense could not be taxed as damages.

*Appeal from St. Louis Circuit Court.* ·

The plaintiff obtained an injunction against the city in a controversy which came before this court at its October Term, 1869, and is reported in 44 Mo. 458. After the decision here reversing the decree and dismissing the bill, the city claiming an attorney's fee for defending the injunction, filed a motion to assess the same against the appellants as damages upon the injunction bond. No other damages were claimed. The motion was submitted to the court below on an agreement of facts, from which it appears that defendant employed no special counsel in the cause, but that the cause was defended by the city counselor, the law officer of the city, who receives a stated salary annually for all the business he does for the city.

*Kehr*, for appellant.

*Reber*, City Counselor, for respondent.

BLISS, Judge, delivered the opinion of the court.

Upon dissolution of an injunction the statute provides that " the damages shall be assessed," etc. These damages are what the defendant actually suffered. In this case no damages at all have been suffered in consequence of injunction, therefore no damages should have been assessed.

It has been customary to allow counsel fees as part of the damages, but in this case it is admitted that no counsel fees were paid, and I know of no rule for ascertaining what proportion of the city attorney's salary should be charged.

The plaintiff felt aggrieved at an assessment upon his property, and enjoined it until its legality could be tested. The case was decided against him, he pays the costs and his own counsel fees ; the city suffers no loss whatever, and should be satisfied without inflicting an arbitrary penalty upon him.

The other judges concurring, the judgment will be reversed.