MICHAEL KEBER, Plaintiff in Error, v. MERCANTILE BANK,
Defendant in Error.

June 12, 1877.

The common-law remedy for injuries arising from an injunction is not merged
in the statutory remedy on the bond. The common law gives no remedy
for an injury done by legal proceedings, except the process of the court is
abused. To avail himself of his common-law remedy, the plaintiff must
allege the injunction as an abuse of the process of the court, through malice
and without probable cause; otherwise, the remedy is on the bond.

ERROR to St. Louis Circuit Court.

*Affirmed.*

H. A. HAEUSSLER, for plaintiff in error.

BAKEWELL, J., delivered the opinion of the court.

The petition in this case alleges that plaintiff, having
caused execution to be issued upon a judgment obtained by
him against James S. Thomas, the same was levied upon
real estate of Thomas amply sufficient to satisfy the judg-
ment; that the sheriff proceeded to advertise the property
for sale under plaintiff's execution, when defendant *wrong-
fully* instituted proceedings in the District Court of the
United States for the Eastern District of Missouri, against
plaintiff, the said sheriff, and others, and did thereby pro-
cure an injunction restraining plaintiff and the sheriff from
selling said realty under said execution, and thereby plain-
tiff was compelled to pay $150 for the costs of said at-
tempted sale; that the injunction was afterwards dissolved,
and defendant's bill dismissed in the United States District
Court; that Thomas then died; that no other or further
execution could then issue, by law, on said judgment; that,
by reason of said wrongful acts of defendant, plaintiff has
been damaged $5,000, for which he asks judgment.

A demurrer was filed to this petition, on the ground that
the petition does not state facts sufficient to constitute a
cause of action. The demurrer was sustained; and, plain-

tiff declining further to plead, there was final judgment for defendant on the demurrer; from which plaintiff appeals.

The common-law remedy is not merged in the remedy upon an injunction bond; but the common law gives no remedy for an injury done by legal proceedings, except the process of the court is abused through malice and without probable cause; in which case the party who abuses the process is considered as a trespasser from the beginning, and as if he had acted wholly without authority, for *actus legis nemini facit injuriam*. To avail himself of his common-law remedy, therefore, plaintiff should have alleged the injunction as an abuse of the process of the court through malice and without probable cause; otherwise, the remedy is on the bond. Hill. on Inj. 101.

Where the act complained of is destitute of the ingredients of malice and want of probable cause, the only remedy for the injured party is on the injunction bond, the remedy specially provided by statute as a protection against injury even without malice. *Robinson* v. *Kellum*, 6 Cal. 399.

The common-law action is essentially an action for malicious prosecution, — that is, for the groundless institution and prosecution of a suit without probable cause. The common law did not give this action merely because one failed in his suit, though such failure determined the wrongfulness of his claim. The established remedies were open to every man without penalty, except such as was incident to the remedy chosen, unless they were resorted to for the mere purpose of harassing or injuring the defendant, which purpose is presumed from want of probable cause, and cannot be shown where probable cause exists. The principle is the same whether the wrongful suit be civil or criminal. The wrong is not the injustice or falsehood of the charge or claim, but the malicious motive which the law infers from want of probable cause. If there is probable cause, though the claim be false, and therefore wrongful, the most express malice will not sustain an action for damages. If

there is want of probable cause, the action will lie. There-fore, it is said that the allegation that the former proceeding was instituted maliciously, or falsely, or unjustly, or, as in the case before us, " wrongfully," will not supply the allegation of want of probable cause, which, though it need not be stated in these express words, must be averred sub-stantially in apt and appropriate terms, and must be proved. *Cox* v. *Taylor's Administrator*, 10 B. Mon. 17.

The Circuit Court, therefore, committed no error in sus-taining this demurrer, and its judgment will be affirmed. All the judges concur.