IRON MOUNTAIN BANK, Respondent, *v.* MERCANTILE BANK, Appellant.

### November 27, 1877.

1. In a common-law action, not on the bond, for damages occasioned by an injunction, there can be no recovery unless it be averred and shown that the process of the court was, through malice and without probable cause, abused.

2. A corporation may be liable for a malicious prosecution.

Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

Hill & Bowman, for appellant, cited: *Keber* v. *Mercantile Bank, ante,* p. 195.

H. A. Haeussler, for respondent, cited: *Casperson* v. *Sproule,* 39 Mo. 39; *Mysenburg* v. *Schluper,* 48 Mo. 431.

Bakewell, J., delivered the opinion of the court.

The case presents the same question determined by this court in the case of *Keber* v. *Mercantile Bank,* recently decided by this court. The plaintiff seeks to avail itself of its common-law remedy for damages arising from an injunction, but does not charge that the injunction was an abuse of the process of the court through malice and without probable cause. In this case the demurrer of defendant was overruled by the court, and plaintiff obtained judgment. In the Keber case the demurrer was sustained. Otherwise, the cases are the same.

The Circuit Court erred in overruling the demurrer of defendant, and the judgment cannot be sustained. There can be no recovery of damages arising from an injunction, except in an action on the bond, unless it be averred and shown that the process of the court was abused maliciously and without probable cause.

Counsel for respondent argues that, if this be so, there can be no recovery against a corporation for damages caused by an injunction, except upon the bond, because, he says, a corporation is incapable of malice. A corporation, however, is liable for torts; it can commit trespass and disseizin, and it is now held in Missouri, as generally elsewhere, that a corporation may be liable for the malicious acts of its agents. *Gillett* v. *Railroad Co.,* 55 Mo. 318. A corporation may be liable for a malicious prosecution commenced by its agents in the scope of their employment. There has been a complete change in the rulings in this

respect since *Childs* v. *Bank of Missouri* was determined. The common law action for damages arising from an injunction is essentially an action for malicious prosecution. The failure in the suit determines the wrongfulness of the claim, but it does not therefore give a common-law action for damages to defendant. The wrong is not the falsehood or injustice of the claim, but that it was without probable cause. It is, therefore, not enough to allege that the action was wrongfully brought. The case of *Keber* v. *Mercantile Bank* is decisive of the case at bar, and the judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.