[Hatcher v. Diggs.]

# Hatcher *v.* Diggs.

*Statutory Action in nature of Ejectment.*

| 76 | 189 |
| 97 | 731 |
| 76 | 189 |
| 103 | 294 |
| 76 | 189 |
| 118 | 641 |

1.　*Relieving married women of disabilities of coverture ; decree construed, as to power to contract and mortgage.*—Under the statute which confers upon the several chancellors jurisdiction " to relieve married women of the disabilities of coverture as to their statutory and other separate estates, so far as to invest them with the right to buy, sell, hold, *convey and mortgage* real and personal property, and to sue and be sued as *femmes sole* " (Code, § 2731) ; a decree declaring that the petitioner, a married woman, " is relieved from the disabilities of coverture, so far as to invest her with the right to buy, sell, hold and *convey* real and personal property, *contract and be contracted with,* sue and be sued as a *femme sole,*" is void, so far as it confers a general power to " contract and be contracted with ; " and it does not confer the specific power to mortgage her property.

APPEAL from the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

This action was brought by B. E. Diggs, against Thomas J. Hatcher and Julia E. Barnes, to recover the possession of a certain tract of land in Dallas county, containing about 340 acres, with damages for its detention ; and was commenced on the 26th September, 1883. The cause was tried before the court, without the intervention of a jury, on issues joined on the plea of not guilty, and a suggestion of adverse possession for more than three years, and the erection of valuable improvements. The plaintiff claimed under a purchase at a sale under a power contained in a mortgage executed by George A. Beach and Mary C., his wife, to Woodruff & North as partners, which was dated the 22d March, 1878, and was given to secure the payment of a promissory note for $800 ; which note was signed by said Beach and wife, was of even date with the mortgage, and payable on the 1st November after date. The said note not being paid at maturity, the mortgage was foreclosed by a sale under the power, on the 9th January, 1883 ; the plaintiff in this suit becoming the purchaser, and receiving a conveyance from the mortgagees. The defendants claimed the premises under a conveyance to them by said Beach and wife, dated in December, 1878 ; and they proved the payment of the purchase-money by them, their entry into possession under said purchase, and the erection of valuable and permanent improvements.

The defendants having proved that the lands were conveyed to Mrs. Beach, by the register in chancery at Selma, as the pur-

[Hatcher v. Diggs.]

chaser at a sale made under a decree of the Chancery Court on December 6th, 1875; the plaintiff then offered in evidence, for the purpose of showing the validity of the mortgage under which he claimed, a petition filed by Mrs. Beach, on the 18th December, 1876, asking to be relieved by the decree of the chancellor of the disabilities of coverture, and the chancellor's decree thereon, which was dated "at chambers, December 19th, 1876," and in these words: "Mary C. Beach, wife of Geo. F. Beach, of Dallas county, having filed her petition by her next friend, C. Cadle, Jr., praying to be relieved of the disabilities of coverture, as provided by the act approved April 15, 1873, and the act amendatory thereof, approved February 10th, 1875; and her said husband, George F. Beach, having filed his consent in writing; it is ordered, adjudged and decreed, upon consideration thereof, that the said Mary C. Beach be, and she is hereby, relieved from the disabilities of coverture, so far as to invest her with the right to buy, sell, hold and convey real and personal property, contract and be contracted with, sue and be sued as a *femme sole;* and it is further ordered," that her next friend pay the cost.

This being all the evidence, the court held the mortgage valid, and rendered judgment against the defendants; to which they duly excepted, and which they now assign as error.

WHITE & WHITE, for appellant.

W. R. NELSON, *contra.*

CLOPTON, J.—The right of the plaintiff to recover the land in controversy depends upon the validity of the mortgage, executed March 22d, 1878, by Mrs. Beach and her husband, to Woodruff & North. The mortgage was given to secure a promissory note made by her and her husband, and conveys the statutory separate estate of Mrs. Beach. The consideration of the note is not disclosed by the record; but, whether it is her own debt, or the debt of her husband, her power to make a valid mortgage rests upon the force and effect of the decree made by the chancellor, upon her petition, removing her disabilities of coverture.

The act of April 15th, 1873, as amended by the act of February 10th, 1875, which constitutes section 2731 of Code 1876, has received construction by this court. It is held to be a partial delegation to the chancellor, not to the Chancery Court, of the power theretofore reserved by the General Assembly, and is bounded by the express terms of the statute. It is the grant and the limitation of the chancellor's jurisdiction and power. It is said: "The power he can exercise, is the power conferred

[Hatcher v. Diggs.]

by the statute—no greater or less power, whatever may be the wishes or purposes of suitors, or the real or seeming exigencies and necessities of particular cases." The intention was, not to confer on married women all the powers of a *femme sole*—not to constitute them free-dealers—but to relieve from the disabilities of coverture as to their statutory and other separate estates; and the relief, as to these, is limited by the statute. There can be no relief as to a part of the separate estate. *Dreyfus v. Wollfe*, 65 Ala. 496; *Cohen v. Wollner*, 72 Ala. 233; *Ashford v. Watkins*, 70 Ala. 156.

The petition of Mrs. Beach avers the jurisdictional fact, that " she is possessed of a separate statutory estate, consisting of both real and personal property ;" and prays that a decree be made, " declaring her a *femme sole*, so far as to authorize and empower her as such to buy, sell, hold and convey real and personal property, contract and be contracted with, and generally to do and perform all acts which she could lawfully do if she were a *femme sole*." The petition, which was filed after the enactment of the amendatory act of February 10th, 1875, seeks the exercise of a power with which the chancellor is not invested, and invokes relief that he is without authority to grant —that she be invested with all the powers of a *femme sole*. Its scope and purpose far exceed the prayer of the petition as prescribed by the statute; which is, " that she be decreed, for the purposes aforesaid, to be declared a *femme sole* ;" the purposes aforesaid being, " to invest them with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as *femmes sole*," as to their statutory and other separate estates.

The chancellor, after reciting, that Mrs. Beach had " filed her petition praying to be relieved from the disabilities of coverture, as provided by the act approved April 15th, 1873, and the act amendatory thereof, approved February 10th, 1875," and the consent in writing of her husband, decrees, that she be and is relieved from the disabilities of coverture, " so far as to invest her with the right to buy, sell, hold and convey real and personal property, contract and be contracted with, sue and be sued as a *femme sole*." The decree, in the respect that it invests Mrs. Beach with the right to contract and be contracted with, exceeds the power of the chancellor ; he had no jurisdiction over the subject-matter.—Authorities *supra*. It will not be seriously controverted, that, as to this right, the decree is invalid and inoperative. A general capacity to contract, although relating to her separate estate, the statute does not authorize. The only contracts authorized are such as concern the buying, selling, holding, conveying and mortgaging real and personal property.

[Hatcher v. Diggs.]

As this provision of the decree, being inoperative, does not empower Mrs. Beach to make a valid mortgage, does the decree otherwise invest her with this right? It will be observed, that the decree does not, in express terms, invest her with the power to mortgage; but it is insisted that the power to convey is broad enough to include the power to mortgage—upon the maxim, *omne major continet in se minus*. It may be true, that a general power to convey, without any thing limiting or prescribing the mode, may be executed by any of the recognized modes of conveyance, consistent with the purposes of the power, and applicable to the kind of property that is the subject-matter of conveyance. Where, however, the statutory words are employed in the decree, the validity of which rests upon legislative authorization, and its legal operation and effect depend upon the construction of the words, their construction, as used in the statute, will control their meaning and effect in the decrees; the presumption being, that the chancellor did not intend they should have any greater force, or broader signification. Was it, then, the intent that the power to convey, authorized by the statute, shall contain the power to mortgage?

For the purpose of relieving, in certain respects, the disabilities which the common law imposes upon married women, the act of April 15th, 1873, was enacted.—Acts 1872–3, p. 93. The several Chancery Courts were authorized and empowered to relieve *all married women* from the disabilities of coverture, so far as to invest them with the right to buy, sell, hold or convey real and personal property, and to sue and be sued as *femmes sole*, in two specified cases. This statute was conceived in the spirit and policy of protecting married women; and in interpreting it, it is significant, that the power to *mortgage* is omitted; when it was well known, that although the statute creating and regulating the separate estates of married women, authorized her to sell and convey, in the mode prescribed, her statutory separate estate, the judicial construction was, that she was not authorized to mortgage it for her own or her husband's debt.

For sufficient reasons, this statute was considered impolitic—too broad in some respects, and too narrow in others; and hence was amended in material matters by the act of February 10th, 1875, under which the proceedings in the case of Mrs. Beach were had.—Acts 1874–5, p. 194. The authority was taken from the Chancery Courts, and delegated to the *chancellors;* the relief to be granted was expressly restricted, "as to their statutory and other separate estates;" and in addition to the capacities enumerated in the original act, the same words being employed in both acts, the authority to invest them with

VOL. LXXVI.

[Hatcher v. Diggs.]

the right to *mortgage* was given in terms. Was this accidental, or from deliberation?

Where, in a statute, the legislative intent, the ascertainment of which is the primary, and, it may be said, the only purpose of construction, is expressed in words which, when taken in their general and ordinary import, are clear and unambiguous, there is no occasion for resort to other means of interpretation. Some effect must be allowed to every word, or phrase, and such interpretation adopted, if reasonable, that no word or phrase will be repugnant to any other provision, or be unnecessary and superfluous. Says Lord Coke: "The good expositor makes every sentence have its operation to suppress all the mischiefs; he gives effect to every word in the statute; he does not construe it so that any thing should be vain and superfluous, nor yet makes exposition against express words." A word or expression which has precedence in the order of use shall be taken to have reference to things of a greater or different meaning and effect. It will not be intended, that the legislature used different words in the same sentence, in the same sense, and with no other or different effect. The presumption is, that the law-maker intended a difference. And especially is this true, where, in an amendatory act, the words of the original act are used, and in the same order, to express the same ideas, and immediately following, in the same sentence, another word is inserted, relating to the same subject-matter. Such word, thus inserted, must be taken to express a different idea, and to have a different operation.—Pot. Dwar. on Stats. 188, 198. Whatever might have been the judicial construction of the act of April 15th, 1873, it is manifest that the legislative intent in the enactment of the amending act of February 10th, 1875, was, that each word used should express a different capacity, which the chancellors were authorized to enlarge, as to statutory and other separate estates.—*Lehman, Durr & Co. v. Robinson*, 59 Ala. 219.

Without statutory authority, the chancellor has no jurisdiction or power to relieve married women from any of the disabilities of coverture. The chancellor is the officer designated by law, who may grant the relief. A decree upon a proper petition is necessary; and if the decree omits either of the rights authorized to be invested, such right is not invested, notwithstanding the statute authorizes it.

Whether a decree, which invests a married woman with some only of the rights authorized by the statute, and invests her with others not authorized, is absolutely void, presents a grave question, which we need not decide; for, conceding that the decree, construed in reference to its recitals and the petition, is valid so far as it goes, we are constrained to hold, that it does

[Leinkauff & Strauss v. Munter.]

not empower Mrs. Beach to make a valid mortgage on her statutory separate estate.

Judgment reversed, and cause remanded.