## JESSE S. HILDRUP ET AL.

### v.

## LORENZO BRENTANO ET AL.

1. ALLEGATIONS AND PROOF.—An individual expenditure of money by one of several persons does not sustain an allegation of a joint expenditure by all.

2. INJUNCTION BOND—DAMAGES.—Where an injunction bond was conditioned for the payment to the plaintiffs, their heirs, executors, administrators or assigns of all such costs and damages as should be awarded against the complainant in case the injunction should be dissolved. *Held*, not to apply to damages sustained individually by one of the obligees.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding. Opinion filed May 29, 1885.

Mr. R. A. CHILDS and Mr. S. WHIPPLE GEHR, for appellants; that the damages proved are not within the condition of the bond, cited Rees v. Peltzer, 1 Bradwell, 315; Ovington v. Smith, 78 Ill. 250; Safford v. Miller, 59 Ill. 205; Railroad Co. v. Coultas, 33 Ill. 190.

Messrs. ANDERSON & BRENTANO, for appellees; as to damages, cited Hibbard v. McKindley, 28 Ill. 240; King v. Drew, 31 Ill. 418; Mix v. Vail, 86 Ill. 40; Bardil v. School Trustees, 4 Bradwell, 95; Linington v. Strong, 8 Bradwell, 384; Gorton v. Brown, 27 Ill. 489.

BAILEY, J.    This was an action of debt, brought by Lorenzo Brentano, Adolph Loeb and Theodore C. Brentano, against Jesse S. Hildrup and Robert A. Childs, on an injunction bond executed by the defendants to the plaintiffs in a suit in equity brought against the plaintiffs by defendant Hildrup, said bond being conditioned for the payment to the plaintiffs, their heirs, executors, administrators or assigns, of all such costs and damages as should be awarded against the complainant in case the injunction should be dissolved.

The only breach of the condition of the bond in relation to which evidence was offered at the trial, was the one which alleges that, by reason of the injunction, the plaintiffs were compelled to and did pay, lay out and expend, and became liable to pay, divers sums of money, amounting to $500, for necessary fees and charges of solicitors and counsel, and other charges for drawing up affidavits, answers, notices and other documents, and other expenses in and about their defense against said injunction.

The evidence offered was to the effect that the law firm of which Theodore C. Brentano was a member was retained and employed by Lorenzo Brentano, who, as it seems, was the principal defendant in the injunction suit, to procure a dissolution of the injunction, and that in pursuance of such retainer, said firm performed certain services by way of preparing the necessary papers, and making and arguing a motion to dissolve the injunction, for which they charged $200. This sum was paid them by Lorenzo Brentano, and the evidence tends to show that it was reasonable. There was no evidence that any counsel was employed or any other expense incurred by the other defendants to the injunction suit or either of them, or by all of them, defendants, jointly.

The court, at the instance of the plaintiffs, gave to the jury the following instruction:

" The jury are instructed on the part of the plaintiffs that if they find for the plaintiffs they will assess the damages at such sum, if any, as they believe from the evidence the plaintiffs, or either of them, have sustained by reason of such injunction; the measure of which damages is such reasonable sum as they may believe, from the evidence, the plaintiffs or either of them to have necessarily incurred and paid out, if any, for necessary solicitor's fees in procuring the dissolution of the injunction."

The jury found the issues for the plaintiffs, and assessed their debt at the penalty of the bond, and their damages at $150, and the court, after overruling the defendant's motion for a new trial, gave judgment on the verdict.

The judgment is erroneous and must be reversed for sev-

eral reasons. First, the evidence fails to sustain the averments of the declaration. The breach under which the recovery was had alleges that the plaintiffs were compelled to pay and become liable for certain moneys for counsel fees, etc., in their defense against the injunction, while the evidence shows that said money was paid, and said liabilities incurred by one of the plaintiffs individually and on his own account. An individual expenditure of money by one of several persons does not sustain an allegation of a joint expenditure by all.

Again, an individual expenditure by one of the plaintiffs is not within the condition of the bond. In Ovington v. Smith, 78 Ill. 250, an injunction bond with precisely the same condition was held not to apply to damages sustained individually by one of the obligees. In Safford v. Miller, 59 Ill. 205, where the bond was conditioned for the payment of all such damages as the obligees might sustain by reason of the injunction, and also all such costs and damages as might be awarded against the principal obligor in case the injunction should be dissolved, it was held that damages accruing to one of the obligees individually were not within the condition. See, also, Rees v. Peltzer, 1 Bradwell, 315.

Not only, then, did the evidence fail to establish a right to damages, but the court erred in instructing the jury to assess in favor of the plaintiffs, such damages as they or either of them had sustained by reason of the injunction.

Various other errors are assigned which we need not notice, but for the reasons above pointed out, the judgment will be reversed and the cause remanded.

Judgment reversed.