JOHN E. CRATE

v.

HERMAN H. KOHLSAAT.

*Injunctions—Dissolution of—Complainant's Liability for Damages Not Limited to Penalty of Bond.*

Under the statute of this State the amount and condition of the bond

given, or whether one be given or not on the suing out of an injunction have or has no connection with the awarding of damages against the complainant himself in case the injunction is dissolved.

[Opinion filed April 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. LOREN C. COLLINS, Judge, presiding.

Messrs. HYNES & DUNNE and DUNCAN & GILBERT, for appellant.

Mr. G. W. STANFORD, for appellee.

GARY, J. The question upon this record is whether the Circuit Court ought to have awarded to the appellant more damages.

The decree is: " This day again came the parties, by their respective solicitors, and thereupon this cause came on to be heard upon the suggestions in writing filed by the defendant of the damages sustained by him by reason of the wrongful suing out by the complainant of the injunction granted in this cause against the defendant, and the court having heard the evidence and the argument of counsel, and being now fully advised in the premises, the court finds that by reason of the wrongful suing out by the complainant of the injunction in this case the defendant was compelled to, and did pay out the sum of $771 for the fees and charges of his solicitors and counsel for services necessarily rendered by them in and about procuring a dissolution of said injunction, and that he was compelled to and did lose rents of the premises described in the complainant's bill to the amount of $1,446 by reason of the wrongful suing out by the complainant of said injunction, and that the damages sustained by the defendant by reason of the wrongful suing out by the complainant of said injunction, amount in all to the sum of $2,227.

" The court further finds that at the time of the granting of said injunction the said complainant was by the court

required to and did execute and file herein a bond, as pro-
vided by law, in the penal sum of $500, with C. C. Kohlsaat
as security, conditioned for the payment to the defendant
of all such costs and damages as should be awarded against
the complainant in case said injunction should be dis-
solved, which said bond is the only bond filed by the com-
plainant in this case, and that by reason thereof the liabil-
ity of the complainant to the defendant on account of the
damages sustained by the defendant by reason of the
wrongful suing out by the complainant of said injunction is
limited to said sum of $500.

"It is therefore ordered, adjudged and decreed by the court
that the complainant pay to the defendant within ten days
from the date of the entry hereof the sum of $500, as dam-
ages sustained by the defendant by reason of the wrongful
suing out by the complainant of said injunction."

As we read the statute, the amount and condition of the
bond given, or whether one be given or not on suing out
an injunction, have or has no connection with awarding
damages against the complainant himself, in case it is dis-
solved. It is not necessary that we should distinguish
Sturgis v. Knopp, 33 Vt. 486, and Lawton v. Green, 64 N. Y.
326, from this case. The statute here governs. That is—Sec.
12, Chap. 69—"In all cases where an injunction is dissolved
by any court of chancery in this State, the court, after dis-
solving the injunction, and before finally disposing of the
suit, upon the party claiming damages by reason of said
injunction suggesting, in writing, the nature and amount
thereof, shall hear evidence and assess such damages as the
nature of the case may require and to equity appertain,
to the party damnified by such injunction, and may award
execution to collect the same." The case of Walker v.
Pritchard, 135 Ill. 103, accords in its reasoning with this
construction. The brief of the appellee urges that the find-
ings in the decree are not findings of facts, but of conclu-
sions, which this court may not act upon, as the evidence is
not in this record. That, if the findings are of facts, and
either party wished to dispute them, he should have pre-

served the evidence, is abundantly settled.   Brown v. Miner, 21 Ill. App. 60, and cases there cited.   The findings are sufficiently specific.   Moore v. School Trustees, 19 Ill. 83; Walker v. Carey, 53 Ill. 470.

It follows that the court should have awarded for damages $2,227, and the decree is reversed and the cause remanded with directions so to do.

*Reversed and remanded.*