# JOHN E. CRATE
## v.
# HERMAN H. KOHLSAAT.

*Landlord and Tenant—Distress for Rent—Injunctions—Recoupment.
Set-off.*

1.   For maliciously and without probable cause suing out an injunction that is afterward dissolved, but was injurious while it was in force, a common law action will lie.

2.   In the absence of evidence tending to show malice and want of probable cause, the only remedy is such as the statute or a bond may give.

3.   In actions upon contracts, and a distress for rent is of that class, the counterc'aim, set-off, or matter of recoupment must be such that the defendant can maintain an independent suit for it.

4.   A defendant has his election to use it by way of defense or bring a cross-action.

[Opinion filed June 1, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. HYNES & DUNNE and D. D. O'BRIEN, for appellant.

Mr. G. W. STANFORD, for appellee.

GARY, J.   This case begun by a distress for rent by the appellee against the appellant.   The only question now is, whether the damages sustained by the appellant by an injunction sued out by the appellee, which prevented the appellant from using or sub-letting the premises for dram shops, and which injunction was afterward dissolved, should have been allowed to the appellant as a counter-claim, recoupment or set-off.

On principle, notwithstanding the case of Gorton v. Brown, 27 Ill. 489, it would seem that for maliciously and without probable cause suing out an injunction that is

afterward dissolved, but was injurious while it was in force, a common law action should lie. Here, however, there was no offer to show the elements of malice and want of probable cause, essentials in actions of that class, that is, malicious prosecution, arrest or attachment. Keber v. Mercantile Bank, 4 Mo. App. 195; Iron Mountain Bank v. Mercantile Bank, Mo. App. 505. But if these essentials are absent, the only remedy is such as the statute, or a bond, may give. High on Injunctions, Sec. 1657.

In actions upon contracts—and a distress for rent is of that class—the counter-claim, set-off, or matter of recoupment, must be such that the defendant can maintain an independent suit for it. The object is to prevent a multiplicity of suits.

The defendant has his election to use it by way of defense or bring a cross-action. Ives v. Van Epps, 22 Wend. 155.

It necessarily follows that as the appellant could not sue the appellee for the supposed damages, he can not recoup them, but probably does not lose them. Crate v. Kohlsaat, 44 Ill. App. 274. The judgment is affirmed.

*Judgment affirmed.*