# Schening *et al. v.* Cofer.

### *Action on Injunction Bond.*

1. *Value of attorney's services gratuitously rendered not recoverable.* A person can not recover in an action on an injunction bond as damages, the value of the services performed by an attorney in securing a dissolution of the injunction, when such services were rendered gratuitously.

2. *When injunction against collection of rents of mortgaged property not an element of damages.*—Under a mortgage, empowering the mortgagee on default to sell certain lands therein named, the assignee of the mortgage is not entitled to damages by reason of an injunction restraining the assignee from collecting the rents, unless on a sale of the land under the mortgage it failed to satisfy the mortgage.

3. *Relief of certain disabilities of coverture does not enable wife to become surety for husband.*—Though a wife may have been relieved of certain disabilities of coverture, she can not sign an injunction bond as surety of the husband, such relief not conferring upon her the right to contract and be contracted with, and section 2349 Code (1886) providing that the wife shall not directly, or indirectly, become the surety of the husband.

APPEAL from Cullman Circuit Court.

Tried before Hon. H. C. SPEAKE.

Action by Mollie Cofer against C. Schening and others to recover damages for an alleged breach of a bond given by defendant Schening to enjoin plaintiff from selling certain land of defendant C. Schening under a power of sale given by a mortgage, and from collecting rents on the land.

To the amended complaint the defendant pleaded the general issue, and the defendant Anna B. Schening, one of the sureties on the bond, pleaded specially that she was not liable in this action, because she signed the bond sued upon as the surety of her husband. Upon the court's overruling the demurrer to this plea, plaintiff filed a replication thereto,

[Schening, et al. v. Cofer.]

in which she set up that, at the time of the execution of said
bond, Anna B. Schening was a *feme sole*, having had her dis-
abilities of coverture removed by the Chancery Court.   The
defendant, Anna B. Schening, demurred to this replication
on the ground that it sets up no legal answer to said special
plea, and that in no case can the wife become the surety for
her husband.   The court overruled this demurrer, and the
defendant excepted.   The bill of complaint which was filed
by C. Schening, and upon which the writ of injunction was
issued, was filed for the purpose of restraining the plaintiff,
who was transferree of the mortgage executed by said C.
Schening, from foreclosing said mortgage.   The two alleged
items of damage which were claimed in the complaint are
sufficiently stated in the opinion, as are also the other facts.
Upon the introduction of all the evidence, the court, at the
request of the plaintiff, gave the following written charge:
(1) "The court charges the jury that they must try this cause
upon the evidence submitted, and if they believe from the
evidence in this cause, taking the testimony of the witness
Turrentine in connection with all the other evidence in the
case, to determine what was a reasonable attorney's fee.
And if the jury are reasonably satisfied that said services
were worth seventy dollars, then the jury should fix the ser-
vices at seventy dollars."   The defendants duly excepted to
this charge, and also separately excepted to the refusal of
the court to give the several written charges requested by
them, among which was the following: "The court charges
the jury that, if they believe the evidence, they must find in
favor of the defendants in this cause."

GEORGE H. PARKER, for appellant.   (No brief came to the
hands of the Reporter.)

McCLELLAN, J.—This action is upon an injunction bond
for damages alleged to have been sustained by the plaintiff,
Mrs. Mollie M. Cofer, in consequence of the suing out of an
injunction.   One item of damage is thus stated in the com-
plaint: "And plaintiff avers that she has been greatly
damaged by reason of suing out said injunction by being
put to a great deal of trouble, inconvenience and expense in
defending the injunction in order to dissolve the same;
* * * * and employing counsel in such suit in dissolv-
ing said injunction, to-wit., one hundred dollars."   There
was really no evidence offered in support of this averment
as to expenses paid or incurred for the services of counsel
in the premises.   The evidence which was intended or sup-

posed to sustain the complaint in this regard, was no more than this: that counsel did appear for Mrs. Cofer and represented her in securing a dissolution of the injunction, and that his services in that matter were worth about seventy dollars, but that she had never paid him anything for his services, that she was his wife and he made no charge against her for such services, and did not intend to charge her for said services. It is most manifest on this evidence that plaintiff sustained no damage whatever by reason of the employment of an attorney to dissolve the injunction, and that any recovery in that behalf would either be net gain and profit to her, or would enure to the benefit of the attorney, who having rendered his services gratuitously has no claim thereto, and no advances, and not being a party to this action, could advance no claim thereto even if he had any such claim. The court erred, therefore, in giving the charge requested by plaintiff which authorized a verdict for attorney's fees, and in refusing to give the several charges requested by defendants, which proceeded on the idea that such fees were not recoverable under the evidence in this case.—*Uhrig v. St. Louis,* 47 Mo. 528; *Hildrup v. Brentano,* 16 Ill. App. 443; *Jerne v. Osgood,* 57 Ill. 340; 2 High on Injunctions, § 1688.

The plaintiff in this action was assignee of a mortgage covering certain land. The mortgage authorized the mortgagee upon failure on the part of the mortgagor to pay the sum secured thereby at maturity to take possession of the land, and, after prescribed advertisement, sell the same, and out of the proceeds arising from the sale, to pay the costs and expenses incident to the mortgage and to the sale thereunder, the debt secured thereby with interest and a reasonable attorney's fee for collecting the same; and required any balance remaining to be paid to the mortgagor. After the law day of the mortgage, the mortgagor filed the bill under which the injunction issued. This bill alleged that "the said M. Cofer being the transferree and legal holder of said notes and mortgage, now seeks to foreclose said mortgage and to sell the real estate therein described to satisfy the alleged debt thereby secured, and had advertised said property for sale under the power of sale contained in said mortgage." In accordance with the prayer of this bill an injunction issued to restrain Mrs. Cofer from selling the land, or interfering in the collection of rents or in any manner with the ownership and possession of the land until further orders from the Chancery Court.

Another item of damages claimed in the present com-

plaint—indeed the only other item claimed— is alleged to grow out of plaintiff's being deprived of the rents of the land by the injunction and pending its operation. The complaint avers in this connection that plaintiff was attempting to collect said debt by a sale of the property at the time of the suing out of the injunction, and that by virtue of said mortgage she was then entitled to the possession of the land therein described and to the rents, incomes and profits of the same, and that "by reason of the suing out of said injunction she was restrained from ·interfering with the possession, ownership or control of said property and the rents, incomes and profits of the same to her great damage in the sum of two hundred and fifty dollars," which has not been paid. These averments are also wholly unsupported by the evidence, or any tendency of the evidence, The mortgage was before the court, and upon its terms all that plaintiff was entitled to realize out of the land in the way of rents, incomes and profits or by a sale, was a sum sufficient to pay the costs and expenses incident to the mortgage and to a sale under it, the debt and interest secured by it, and a reasonable attorney's fee for collecting the same. It does not appear from this record whether the mortgage has been foreclosed since the dissolution of the injunction or not. For aught that does appear a sale of the land now would result in the satisfaction in full of every possible claim the plaintiff has in the premises, so that she would be in no wise damaged by a deprivation of the rents pending the injunction. Nay more, for aught that appears by this record and for aught that was shown on the trial below, there may already have been a sale under the power for a sufficient sum to discharge every liability provided for and secured in the mortgage, so that no conceivable deprivation of possession or rents could possibly have damaged her in the least, · since every cent she was in any event entitled to recover she has received notwithstanding the judicial interference with her right to possession and to the perception of rents. The case seems to have gone off below on the theory that plaintiff was entitled to the possession and rents not as a means of satisfying the mortgage debt, interest, costs and expenses, but as a matter apart from the liabilities secured by the instrument; at least the court's rulings on this part of the case can be sustained upon no other theory. This is not the law. The plaintiff was entitled to the rents, or to intercept, and through such intervention receive the rents, only as a means of satisfying the secured liabilities by their application thereto. If she had intervened by seizing and

taking possession of the land as the mortgage authorized her to do upon default in the payment of the debt, and collected the rents or received and enjoyed the incomes and profits of the premises, whatever sum she collected or received would have gone as a credit on the mortgage to the extent of the liabilities secured thereby; and if from this source, or from this source and a subsequent sale of the land, she had received more than enough to satisfy the mortgage, the balance belonged to the mortgagor. How then can it be said that she has been damaged by being deprived of the rents when it is not shown at all that their application to the mortgage was in any degree necessary to its entire satisfaction? How can it be said that her inability to collect rents has injured her at all when it is not shown but that without the rents she has received all that she is entitled to under the mortgage by a foreclosure thereof? How could she have been damaged on this account if the land is of amply sufficient value, though no foreclosure has been had to satisfy the mortgage? It was upon her to satisfy the jury that she was damaged in consequence of being restrained from the collection of the rent. This she could only do by proof that the rents were needed to satisfy the mortgage, and this necessity could be shown only by proof that on a sale of the land under the power it failed to bring a sufficient sum to satisfy the mortgage; and upon such proof the measure of her recovery would be that portion of the rents which would represent the difference between the proceeds of the sale and the aggregate of debt, interest, costs and expenses secured by the instrument. Having failed to show this necessity for the application of the rents or any part of them to the liabilities secured by the mortgage, she has failed to show that she was damaged by being deprived of them, and has failed to make out her claim to this item of alleged damage. Having also failed to prove the other item of damage laid in the complaint, as we have seen, the general affirmative charge requested by defendants should have been given. The following authorities support the view expressed above as to plaintiff's right in respect of the rents, incomes and profits.—*Daniel v. Coker*, 70 Ala. 260; *Butts v. Broughton*, 72 Ala. 294; *Johnston & Stewart v. Riddle*, 70 Ala. 219; *Marx, Frenkle & Co. v. Marx*, 51 Ala. 222; *Scott v. Ware*, 65 Ala. 174.

If it should be made to appear upon another trial in the manner we have indicated that the rents were necessary in whole or in part to the satisfaction of the mortgage, and that the plaintiff was prevented to intercept them by reason of

[Johnson v. Armstrong.]

the suing out of the injunction, she would be entitled to recover such part of them as accrued after the date when but for the injunction she would have intervened, and such proof only of the amount so accruing as will suffice when added to the proceeds of sale, or to the proceeds of sale and rents received by her after the dissolution oi the injunction, if any, to pay off the secured liabilities.

The plea of coverture interposed by Mrs. Schening was good; she signed the injunction bond as surety for her husband who was the complainant in the cause, and the law then of force expressly incapacitated her to "become the surety for the husband."—Code, § 2349. The replication to this plea was bad and the demurrer to it should have been sustained but for its generality. Relief of a married woman by the chancellor from certain disabilities of coverture does not confer upon her the right to contract and be contracted with.—*Hatcher v. Diggs,* 76 Ala. 189, and authorities there cited.

The judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.