Leslie **HAMILTON** and Mary Hamilton (Plaintiffs), Respondents,

v.

August G. **HECHT** and Gilbert Lony (Defendants), Appellants.

No. 29685.

St. Louis Court of Appeals.

Missouri.

Feb. 28, 1957.

Motion for Rehearing or for Transfer to Supreme Court Denied March 29, 1957.

George M. Andrews, Preston Quick, St. Louis, for appellant.

Robert H. Batts, Allen A. Yoder, St. Louis, Rassieur, Long & Yawitz, St. Louis, of counsel, for respondent.

JAMES D. CLEMENS, Special Judge.

Defendants moved for assessment of damages springing from the issuance of a temporary injunction. The trial court found defendants had suffered damages of $788.45, but rendered judgment for only $350, the amount of plaintiffs' injunction bond, and defendants appeal. The issue thus presented: When a defendant is damaged by the improvident issuance of a

temporary injunction, is his recovery limited to the amount of the injunction bond?

After issuance of the temporary injunction upon the plaintiffs posting a $350 bond, trial was had on the merits and the injunction was made permanent. Defendants appealed to this court and the judgment was reversed with directions to dissolve the injunction. Hamilton v. Hecht, Mo.App., 283 S.W.2d 894. Defendants then moved for assessment of $1,041.20 damages. The trial court found that defendants had actually suffered damage of $788.45, but rendered judgment for only $350, the amount of the bond. Defendants appealed and contend here that judgment should be for $788.45.

Section 526.070 RSMo 1949, V.A.M.S. declares that no temporary injunction shall issue until plaintiff shall have executed a bond "in such sum as the court or judge shall deem sufficient to secure the amount or other matter to be enjoined, and all damages that may be occasioned, * * * conditioned that the plaintiff will abide the decision which shall be made thereon, and pay all sums of money, damages and costs that shall be adjudged against him if the injunction shall be dissolved." Sections 526.200 and 526.210 provide for assessment of the damages and for judgment therefor.

■ The bond provided that plaintiffs were bound to defendants in the amount of $350 for payment of which they obligated themselves to "pay all sums of money, damages and costs that *shall be adjudged against them.*" Defendants would have us construe this statutory bond without reference to the named penal sum of $350. This we cannot do, because we believe and hold that a plaintiff is not liable for damages arising out of an injunction except as specifically provided for by Section 526.070. We construe that section not as a general declaration of liability for all damages and costs that may arise out of a temporary injunction but,

rather, as a requirement only for the posting of a bond, in such sum as the court or judge shall then believe to be enough to secure the payment of all such damages as may thereafter be adjudged against the plaintiff.

■ It must be borne in mind that at common law no liability was incurred by a plaintiff who in good faith sought and obtained an injunction which was later dissolved. Keber v. Mercantile Bank, 4 Mo.App. 195; Iron Mountain Bank v. Mercantile Bank, 4 Mo.App. 505. Any damages suffered by defendant because of the injunction were traceable directly to the court which had issued it, and were *damnum absque injuria.* An exception was made only to afford relief for malicious prosecution. To restrain parties from seeking and courts from issuing temporary injunctions without a showing of good faith, in 1835 our legislature enacted the three statutes cited above. These sections were construed in the case of City of St. Louis v. St. Louis Gaslight Co., 82 Mo. 349, loc. cit. 356. Speaking of the first of the three statutes, then Section 2710, R.S.Mo.1879, the Supreme Court held that it "control(s) the discretion of the courts in respect to safeguards for the indemnity of the defendant and prescribes a particular one in the nature of a bond which they must not fail to exact before issue of the order of injunction." Continuing, the court said:

"Section 2712, which provided for the assessment of damages on the dissolution of an injunction, relates to only such damages as the plaintiff is liable for on his undertaking. There is nothing in its language or phraseology to indicate that the legislature intended to extend the jurisdiction of the court of the liability of the plaintiff in respect to damages. The section evidently relates to damages for which the plaintiff has given his undertaking of indemnity. This is clear from the language of the subsequent section

2713, which requires the damages so ascertained and assessed to be entered in the form of a judgment against the obligors in the plaintiff's bond. Indeed, there is no provision for the assessment of damages except as incident to a bond. A suit in which no bond or undertaking is provided for by law or exacted by the court, as to any damages resulting to the defendant from a legitimate prosecution thereof, presents an instance of *damnum absque injuria,* and is like any ordinary suit which leaves the defendant heir to much inconvenience and pecuniary loss, notwithstanding a final judgment in his favor."

Plaintiffs cite cases from three other jurisdictions which hold that in such a case as this the principal on an injunction bond is liable for all the damages and the surety is liable for damages to the extent of the bond. These holdings indicate that those jurisdictions impose liability upon the plaintiff other than that imposed by the bond. Such is not the law in Missouri. Plaintiffs also cite Albers Comm. Co. v. Spencer, 236 Mo. 608, 139 S.W. 321, and Linneman v. Hawkins, Mo.App., 27 S.W.2d 1046, 1047. Both cases deal with the elements of damages allowable in injunction cases, but neither treats the question of damages exceeding the amount of the bond, and so are not in point.

Accordingly, we hold that the trial court properly rendered judgment for the amount of the bond rather than for the larger amount of the defendants' damages.

■ Upon the initial issuance of the temporary injunction, the defendants unsuccessfully moved for an order to increase the amount of the bond from $350 to $3,000. Then followed the trial, judgment, motion for new trial, appeal, remand, and defendants' motion to assess damages, during none of which defendants raised their voices as to the action of the trial court in having denied their motion to increase the bond. After the present judgment for $350 was rendered, the defendants for the first time sought to make an issue of the trial court having denied their motion for an increase in the bond, and now claim error. (We are puzzled as to just what action we could take at this late hour to correct this alleged error, and plaintiffs do not enlighten us.) It requires no citation of authority to support us in holding that this issue was abandoned long, long ago. Waterman v. Waterman, Mo.App., 210 S.W.2d 723, and Cohn v. Lehman, 93 Mo. 574, 6 S.W. 267, cited by defendants, deal with the question of the time when liability attaches on an injunction bond, and are not in point.

■ In plaintiffs' brief they claim the trial court erred in considering evidence of attorney fees incurred by defendants in the successful appeal from the original judgment granting a permanent injunction. Suffice to say that plaintiffs filed no motion attacking the allowance of $350 nor did they appeal, and so the point is not before us for review. Clearly, there is no cause for us to invoke the authority bestowed upon us by 42 V.A.M.S. Supreme Court Rule 3.27 to deal with an alleged error which has resulted in manifest injustice or miscarriage of justice.

The judgment is affirmed.

ANDERSON, P. J., and MATTHES, J., concur.