COLLINS & HERMAN, INC.—WELS-
BACH & ASSOCIATES DIVISION, a
Missouri Corporation, and Ronald C.
Casagrande, Plaintiffs-Appellants,

v.

ST. LOUIS COUNTY, Missouri,
Defendant-Respondent.

No. 66154.

Supreme Court of Missouri,
En Banc.

Jan. 15, 1985.

Rehearing Denied Feb. 26, 1985.

Alan E. Dewoskin, St. Louis, for plaintiffs-appellants.

Timothy L. Grosch, Asst. County Counselor, Thomas W. Wehrle, County Counselor, Robert H. Grant, Deputy County Counselor, Clayton, for defendant-respondent.

HIGGINS, Judge.

Collins & Hermann, Inc., Welsbach & Associates Division and its surety, United States Fidelity and Guaranty Company, appeal a judgment in favor of St. Louis Coun-

ty, Missouri, assessing damages on an injunction bond. The judgment in the amount requested of $4,495.14 included an amount for attorneys' fees for the services of the deputy county counselor who defended against the injunction. The Eastern District favored an allowance for attorneys' fees but found this result barred by *Uhrig v. City of St. Louis,* 47 Mo. 528 (1871), which denied the City of St. Louis attorneys' fees upon the dissolution of an injunction for services rendered by its salaried city counselor. Upon belief that this issue requires reexamination, the Eastern District transferred the case to this Court. Reversed.

On December 8, 1981, plaintiff filed suit against St. Louis County, certain of its officials and Whelen Engineering Company to enjoin the County from contracting with Whelen, a Connecticut corporation, for the installation of an emergency warning system in the County. Following two days of hearings, an order to show cause and temporary restraining order issued December 11, 1981. On the same day, an injunction bond was filed in the sum of $50,000.00 which bound plaintiff as principal and United States Fidelity and Guaranty as surety. On December 22, 1981, after two additional days of hearings, the trial court dissolved the temporary restraining order and entered judgment in favor of the defendants.

Defendants subsequently filed a motion for assessment of damages. The damages sought included attorney's fees for the services of Deputy County Counselor Robert Grant rendered both before and after the issuance of the temporary restraining order. Grant estimated the reasonable value of his services based on the rate a private attorney with comparable experience would charge for this work. The County's claim for damages also included an amount for time spent by other County employees over the same period. The trial court awarded Whelen $10,254.43 and the County $4,495.14. Plaintiff and its surety appeal only the judgment in favor of the County.

Appellant urges this Court to follow *Uhrig, supra,* and reverse the damage award.

Respondents concede that the award is contrary to *Uhrig.* They nevertheless argue for affirmance of the trial court's assessment of damages, contending that Missouri law generally permits the recovery of attorney's fees on an injunction bond, recovery deters frivolous resort to injunctive relief, the County incurred no liability to pay legal fees but sustained losses in the form of Mr. Grant's time and effort expended to remove the injunction, allowing recovery to its co-defendant Whelen but not to the County creates an unreasonable distinction, and to deny recovery results in a windfall to appellant at the expense of the taxpayers. To the extent that *Uhrig* prevents recovery of attorneys' fees by the County, respondents ask the Court to overrule that decision as inequitable and unsupportable. It is unnecessary to detail the arguments of the parties directed at the reasonableness of the fee award because the Court agrees with appellant that there is insufficient justification for an award to the County and declines to overturn its earlier decision.

■ The statutory requirement of an injunction bond and the allowance of damages upon dissolution of the injunction represents a departure from common law practice. Barring evidence of bad faith, at common law a plaintiff who secured an injunction that was subsequently dissolved incurred no liability; any damages that resulted from the injunction were attributable to the issuing court and were *damnum absque injuria. Hamilton v. Hecht,* 299 S.W.2d 577, 579 (Mo.App.1957). The defendant's only recourse was an action for malicious prosecution. *Id.* To ameliorate the occasionally harsh consequences of this rule for enjoined parties who suffered damage and to discourage frivolous actions, the legislature enacted the provisions now codified as sections 526.070, 526.200 and 526.210, RSMo 1978. *Id.* at 579; Comment, *Damages Recoverable on Injunction Bonds in Missouri,* 44 Mo.L.Rev. 269 (1979). These statutes and R. 92.09 provide the only basis for an assessment of damages arising from the issuance of an

injunction. *State ex rel. County of Shannon v. Chilton,* 626 S.W.2d 426 (Mo.App. 1981); *Hamilton, supra,* at 579–580.

The measure of damages recoverable on an injunction bond is the amount necessary to compensate a defendant for losses incurred that are the actual, natural and proximate result of the restraint, while it is in force. *C.H. Albers Commission Co. v. Spencer,* 236 Mo. 608, 139 S.W. 321 (1911). Only those damages actually sustained due to issuance of the injunction are recoverable. *Waterman v. Waterman,* 210 S.W.2d 723 (Mo.App.1948). In assessing damages on an injunction bond, a defendant's reasonable attorneys' fees for necessary services rendered to lift the restraint are a compensable element. *C.H. Albers, supra,* 139 S.W.2d at 326; *Waterman, supra,* at 726. The award of attorneys' fees as damages in this context is an exception to the general rule that an unsuccessful litigant incurs no liability for the legal expenses of his adversary. *C.H. Albers, supra,* 139 S.W.2d at 326; *Rook v. John F. Oliver Trucking Company,* 505 S.W.2d 157 (Mo.App.1973); Note, *Interlocutory Injunctions and the Injunction Bond,* 73 Harv.L.Rev. 333, 334 (1959). The justification for allowing counsel fees upon dissolution of an injunction is "that the defendant has been compelled to employ aid and incur expense in ridding himself of an unjust restriction, which has been placed upon him by the action of the plaintiff." *Terminal Railroad Ass'n of St. Louis v. Schmidt,* 353 Mo. 79, 182 S.W.2d 79, 82 (1944). *See C.H. Albers, supra,* 139 S.W.2d at 326; *Kelder v. Dale,* 313 S.W.2d 59, 62 (Mo.App.1958). The attorney is entitled to only those fees "which are fair and just and which adequately compensate him for his services." *Terminal Railroad, supra,* 182 S.W.2d at 82.

In *Uhrig, supra,* plaintiff obtained an injunction against the City of St. Louis. The city counselor, a salaried official, represented the City in the action. Upon dissolution of the injunction, the City filed a motion to assess attorney's fees as damages against plaintiff on the injunction bond. The Court reversed the fee award to the City. Noting the limitation to those damages the defendant actually suffers, the Court stated that the City, which paid no attorney's fees, suffered none. The Court concluded:

> The plaintiff felt aggrieved at an assessment upon his property, and enjoined it until its legality could be tested. The case was decided against him, he pays the costs and his own counsel fees; the city suffers no loss whatever, and should be satisfied without inflicting an arbitrary penalty upon him.

*Id.* at 529. The result in *Uhrig* is consistent with the prevailing view that bars recovery of counsel fees as damages upon an injunction bond where public counsel defends against the injunction "in his official capacity as a part of his regular duties for which he is paid a stated salary...." Annot., 164 A.L.R. 1008, 1115 (1946).

*Uhrig, supra,* and this action are similar, and respondent offers no reasons that compel the Court to reach a different result here. Respondent correctly contends that attorneys' fees generally are a proper element of damages on an injunction bond, but adduces no evidence that the County incurred liability for the payment of counsel fees. The County pays its counselor a salary for representation in matters affecting the County, and it is not shown how his services in this suit burdened the taxpayers beyond their existing contribution to his salary. The same is true of the other County employees. Respondent is not entitled to attorney's fees simply because Whelen recovered an amount for its counsel fees and the County may have asserted a similar claim had it retained private counsel. The argument that potential liability for attorneys' fees deters frivolous suits has some appeal, but it must be balanced against the interest in enabling good faith plaintiffs to gain access to the courts without unnecessary penalties. Respondent does not allege that appellants acted in bad faith. A plaintiff who seeks injunctive relief must still satisfy the requisite standards before a court will grant the

relief requested. Nothing in the authorities cited or the decision in this case exempts a party enjoining a governmental body from compliance with the bond requirement and its attendant liability should defendant sustain actual damage.

The judgment is reversed.

RENDLEN, C.J., and WELLIVER, BILLINGS and DONNELLY, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

GUNN, J., dissents and concurs in separate dissenting opinion of BLACKMAR, J.

BLACKMAR, Judge, dissenting.

The person who sues out a temporary injunction is unwilling to let the law take its normal course of decision following a full hearing. It is appropriate, then, that there be a response in damages if the temporary injunction turns out to be improvident. Rule 92.09, requiring an injunction bond, was drafted to require and to secure the payment of appropriate damages including attorney's fees. This rule was based on statutory antecedents construed in *Uhrig v. City of St. Louis*, 47 Mo. 528 (1871). The bond requirement may also impel the plaintiff to weigh carefully the decision to seek a temporary injunction.

At the time *Uhrig* was decided most public law officers worked on a part-time basis and were permitted to supplement their salaries through private practice. The law officer's first duty was to perform the legal work of the employing entity. It is understandable, in this context, that the *Uhrig* court perceived no ascertainable damages.

The situation is wholly different as to the County Counselor's Office in St. Louis County. The Counselor and assistants work full time. If required to defend improvident injunction actions, other work is necessarily affected. The services do not come free to the taxpayers. If the burdens increase, more assistants must be added.

If allowances are not made for the services of public legal officers, there will be a temptation to employ outside counsel, with possible inefficiencies and greater expense to the public.

I would not necessarily allow fees based on what a private lawyer would charge, if the services are rendered by a public legal officer, but would permit an allowance based on reasonable calculation of the attorney's salary and office overhead. I would therefore reverse and remand for redetermination of the award to St. Louis County.