**THE DENT WIZARD OF SAN FRAN-CISCO, INC. and Dent Wizard International Corporation, Plaintiffs/Appellants,**

v.

**Blake BUNETIC, Justin Cunningham, Jeff Finley, David Hutchison, Glenn Latessa, Carmello Panela, Zachary Rockelman, Dennis Scipi, and Robert Valenzuela, Defendants,**

**Edward Kruse, Respondent.**

**No. ED 85349.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 27, 2005.

Jason M. Rugo, Roger W. Pecha, Kenneth L. Coyne, Jenkins & Kling, P.C., St. Louis, MO, for appellants.

Blake Bunetic, Dublin, CA, pro se.

Justin Cunningham, San Rafael, CA, pro se.

Jeff Finley, Pleasanton, CA, pro se.

David Hutchison, Morgan Hill, CA, pro se.

Glenn Latessa, Livermore, CA, pro se.

Carmello Panelo, San Ramon, CA, pro se.

Zachary Rockelman, San Leandro, CA, pro se.

Dennis Scipi, Pinole, CA, pro se.

Robert Valenzuela, Pleasanton, CA, pro se.

Edward C. Kruse, Kruse, Reinker & Hamilton, L.L.C., St. Louis, MO, pro se.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiffs appeal from a judgment awarding defendants' former attorney attorney's fees in the amount of $25,516.74 to be paid to the attorney from an injunction bond posted by plaintiffs in their injunction action against defendants.[1] Defendants have not filed a motion to assess

---

1. No respondent's brief has been filed.

damages under the bond. We reverse because defendants' former attorney was neither a party enjoined nor a party interested in the subject matter of the controversy and therefore had no standing to recover damages under the bond.

On August 4, 2003, plaintiffs, Dent Wizard of San Francisco, Inc. (individually, DSWF), and Dent Wizard International Corporation, filed a petition for injunctive and other relief and damages against defendants, nine former employees of plaintiffs. Plaintiffs alleged that each defendant breached a non-solicitation agreement and interfered with DSWF's customers. After plaintiffs applied for a temporary restraining order (TRO) against defendants, the trial court entered a TRO and approved a bond in the amount of $125,000. Edward Kruse, respondent in this appeal, entered his appearance as attorney for defendants.

Mr. Kruse subsequently filed a motion to dissolve the TRO on the grounds that the signature of defendant Blake Bunetic had been forged. After a hearing, the trial court dissolved the TRO against Mr. Bunetic, renewed and extended the TRO against the remaining defendants and increased the bond to $300,000. Plaintiffs subsequently dismissed Mr. Bunetic from the action without prejudice. Mr. Kruse next filed a motion to dissolve the TRO with respect to the remaining defendants, which the trial court denied. Mr. Kruse later filed a motion to dissolve the TRO on the grounds that the signature of defendant Justin Cunningham had been forged. Plaintiffs voluntarily released Mr. Cunningham from the TRO.

In March, 2004 defendants discharged Mr. Kruse and engaged the services of attorney Richard Edwards, who entered his appearance on March 1, 2004. On August 16, 2004, Mr. Kruse filed a motion to withdraw.

On September 9, 2004, Mr. Kruse filed an "Amended Motion for Assessment of Attorney Fees on Injunction Bond." Mr. Kruse alleged that he incurred attorney's fees in the amount of $53,127.63 while representing defendants, and he sought payment from the bond in the amount of $25,516.64. Specifically, Mr. Kruse stated:

> [C]ounsel seeks compensation for reasonable attorney fees that were incurred on behalf of defendants in their representation and defense. Counsel spent substantial amounts of time and expense in representing the defendants as a whole and in the procuring of the dissolution of the Temporary Restraining Order as to defendants Bunetic and Cunningham. Defendants' former attorney thus moves for the payment of outstanding attorney fees for the expense, effort and time expended on defendants' behalf in the amount of $25,516.64 either from the injunction bond, or, in the alternative, that an attorney lien be placed upon the defendants cause of action and any verdict, proceed or judgment that is a result of this cause of action.

Both defendants and plaintiffs opposed Mr. Kruse's motion in the trial court.

The trial court subsequently entered a judgment awarding Mr. Kruse $25,516.74. It concluded that Mr. Kruse's attorney's fees were compensable damages that could be paid from the bond and Mr. Kruse had an enforceable attorney's lien on the bond.

### DISCUSSION

■ We will affirm an award of damages on an injunction bond unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Buttress v. Taylor*, 62 S.W.3d 672, 678 (Mo.App.2001), citing *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

In the first of their four points, plaintiffs contend that the trial court erroneously declared and misapplied the law when it entered a judgment awarding attorney's fees to Mr. Kruse from the injunction bond because Mr. Kruse had no standing to recover his own fees on the bond. We agree and find this point disposes of this appeal.

■ Sections 526.070, 526.200, and 526.210 RSMo (2000) govern injunction bonds. These statutes limit a court's jurisdiction to award damages to those damages that may be awarded on the bond. *Seaton v. Western Auto Supply Co.*, 609 S.W.2d 207, 210 (Mo.App.1980) (quoting the *City of St. Louis v. St. Louis Gaslight Company*, 82 Mo. 349, 357 (1884)). Those statutes " 'provide the *only* basis for an assessment of damages arising from the issuance of an injunction.' " *Newcourt Financial USA v. Lafayette Inv.*, 983 S.W.2d 214, 216 (Mo.App.1999) (quoting *Collins & Hermann v. St. Louis County*, 684 S.W.2d 324, 325–26 (Mo. banc 1985)).

■ Only the parties enjoined or parties "interested in the subject matter of the controversy" may recover damages on the injunction bond. Section 526.070; Rule 92.02. An "interested party" for the purposes of section 526.070 is any party to the injunction suit, whether enjoined or not "who incurs a loss as the actual, natural, and proximate result of the restraint being issued." *Buttress*, 62 S.W.3d at 680. In *Buttress*, the court held that an intervenor to the injunction suit who had incurred attorney's fees to protect its interests in the injunction suit was an interested party because it incurred those fees as the "actual, natural and proximate result of the restraint." *Id.*

■ An award of damages on an injunction bond may include an award of reasonable attorney's fees paid for neces-sary services rendered to lift the restraint. *Collins & Hermann*, 684 S.W.2d at 326. This is an award made to the client who incurred the fees, not to the attorney who rendered the services.

■ As a general matter, an attorney who represents a client in an action is not an interested party to the action. *McLaughlin v. McLaughlin*, 427 S.W.2d 767, 768–69 (Mo.App.1968). Specifically, Mr. Kruse is not an interested party who may recover damages on the bond under sections 526.070 and 526.200. He is not a party to the suit for injunction or an intervenor in that action. Mr. Kruse has no personal interest in the subject matter of the TRO or the underlying action. He was not enjoined and has not incurred a loss as the actual, natural and proximate result of the restraint. Rather, his loss, if any, arose from his contractual relationship with defendants and defendants' alleged failure to pay him the amounts he billed them for legal services he rendered.

■ Because Mr. Kruse was not enjoined or an interested party, he had no standing to recover his own fees as damages on the bond. If a party lacks standing, the trial court has no subject matter jurisdiction over the questions presented. *Sequa Corp. v. Cooper*, 128 S.W.3d 69, 75 (Mo.App.2003). The trial court had no jurisdiction to award damages to Mr. Kruse under sections 526.070, 526.200, and 526.210.

■ This lack of jurisdiction also precludes an award to Mr. Kruse on the alternate theory that he had an attorney's lien on the bond. As we have stated, the court's jurisdiction to award damages from the bond is limited to claims under sections 526.070, 526.200, and 526.210. *Newcourt*, 983 S.W.2d at 216; *Seaton*, 609 S.W.2d at 210. Mr. Kruse did not have standing to make a claim under these stat-

utes. Moreover, defendants did not initiate a proceeding for assessment of damages on the injunction bond under these statutes, which would be a new and independent controversy. *See Burney v. McLaughlin,* 63 S.W.3d 223, 235–36 (Mo. App.2001); *J and P Trust v. Continental Plants Corp.,* 541 S.W.2d 22, 26 (Mo.App. 1976). Accordingly, there was no cause of action to which an attorney's lien could attach. *See generally,* Section 484.130 RSMo (2000); *Kansas City Area Trans. Auth. v. 4550 Main,* 893 S.W.2d 861, 868–69 (Mo.App.1995).

For all of the above reasons, the judgment of the trial court is reversed.

LAWRENCE E. MOONEY and BOOKER T. SHAW, JJ., concur.