Smith et al., Appellants, v. Atkinson, Appellee.

1. PRACTICE—INJUNCTION BOND.

It is not necessary under the code in an action against sureties on an undertaking in injunction to show an award of damages against the principals in the injunction suit.

2. INJUNCTION—PRINCIPALS' LIABILITY.

The liability of principals for the wrongful suing out of an injunction is joint and several, and the discharge of one does not operate as a discharge of his codefendants.

3. SAME.

The liability of the principal depends, not upon the undertaking, but upon the antecedent wrong in suing out the injunction.

4. ASSIGNEE, WHEN NOT ENTITLED TO SUE.

An assignment of part of an entire claim does not give the assignee a right of action thereon in his own name.

5. PARTIES.

An action on an undertaking in injunction which has not been assigned can be maintained only by the obligees named therein.

6. DAMAGES.

Money was deposited in bank to the plaintiff's credit pursuant to contract; defendants enjoined the bank from paying over any part of the fund, but subsequently procured a dissolution of the injunction;—*held*, the defendants were liable in damages.

*Appeal from the District Court of Arapahoe County.*

ON October 3, 1881, Joel W. Smith and H. A. W. Tabor deposited in the bank of Leadville, to the credit of J. F. Chancy and N. N. Atkinson, appellees herein, the sum of $85,200, upon a contract for the purchase of certain mining property. Immediately after making the deposit, Smith and Tabor, alleging some defect in the title to the property purchased, sued out an injunction restraining the bank from paying over any part of the sum so deposited. Upon the 11th of July, 1882, they voluntarily procured a dissolution of the injunction theretofore obtained by them.

The present action is brought upon the undertaking given in the injunction suit. The undertaking is in the usual form

prescribed by the code, but is not signed by plaintiff Tabor. It is signed by Joel W. Smith, W. B. Daniels and B. F. Smith.

Appellees not being able to gain possession of the money deposited to their credit, on January 31, 1882, contracted to sell to Sullivan, Hall and others, three fourths of the property theretofore sold to Smith and Tabor, provided appellees could lawfully make such transfer. It was further provided that in case such transfer could not be made, that Sullivan and others were to have three fourths of the money deposited by Tabor. Pursuant to this agreement, Sullivan and his associates, on July 22, 1882, received from the bank three fourths of the principal, to wit; $63,900. The principal question in the injunction suit arose upon the defendants' cross complaint, seeking a reconveyance to them of the property. The defendants in that suit, appellees here, were defeated in their contention in this respect, in this court, on April 27, 1888.

The bank of Leadville became insolvent and closed its doors July 24, 1883, and the remaining $21,300, left in the bank after Sullivan and others had withdrawn $63,900 was never paid over by the bank. Upon the trial of this case, the appellees offered no proof tending to establish their allegation that the bank was not solvent long after the injunction had been voluntarily dissolved, but abandoned all claim to recover the principal, and asked for damages in the nature of interest only.

Tabor, one of the plaintiffs in the action for an injunction, was not made a party to this suit by the original complaint. Afterwards he was made a party defendant by an amended complaint. To this his codefendants objected and sought to have him discharged as an improper party. Tabor also interposed the statute of limitations as a defense by a special demurrer, which was sustained. The suit proceeded to judgment against the other defendants.

The judgment in favor of appellees is for the sum of $6,600 and costs of suit. The case is brought here by appeal.

Mr. A. T. GUNNELL and BENEDICT & PHELPS, for appellants.

Mr. L. C. ROCKWELL, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

It is admitted that under section 161 of the Civil Code, as found in the Session Laws of 1887, it was not necessary to the maintenance of this action that an award of damages should first have been made against the principals in the injunction suit, Tabor and Smith. It is contended, however, that no action can be sustained against the sureties unless damages are assessed against all the principals,—that in no event could there be an award of damages against one of the principals only. It is claimed that the liability of Tabor and Smith is joint, not several, and that the discharge of Tabor should have worked a discontinuance of this suit.

Tabor and Smith were jointly and severally liable as principals for the wrongful suing out of the injunction, and an award of damages against either is sufficient to maintain an action against the sureties upon the undertaking. This is true in the absence of the code provision, and while this provision does away with the necessity for an award of damages before bringing suit, permitting, instead, the damages to be assessed against all parties in one action, this does not change the joint and several nature of the liability. The assessment of damages against Smith would have been sufficient to maintain the action upon the undertaking, in the absence of the code provision, and so under it the discharge of Tabor does not necessarily discharge his codefendants. It was not necessary for either Smith or Tabor to sign the undertaking; their liability depended not upon the undertaking, but upon the antecedent wrongful suing out of the writ of injunction.

As Sullivan, Hall and others, on January 31, 1882, became interested in the money deposited in bank, it is contended that they were necessary parties plaintiff in this action.

We do not think that this ⸱ claim is well founded.    ⸱ The original demand being in favor of Atkinson and Chaney, they have an undoubted right to maintain the present action for the entire sum.   At common law an assignment of a part of an entire claim does not give the assignee a right of action in his own name, and it has been held in a number of cases that this rule of the common law has not been changed by the reformed procedure.   The present suit upon the undertaking, which has not been assigned, can only be maintained by the obligees named therein.   Pomeroy's Rem. & Rem. Rights, sec. 137 ; *Cable v. St. Louis N. Railway Co.*, 21 Mo. 133 ; *Leese v. Sherwood*, 21 Cal. 151.

It is finally contended that plaintiffs ought not to recover, because, as it is said, the damages sustained were occasioned by their own act. ⸱ This contention does not appear to be well ⸱ founded.   By the terms of their contract with Tabor and Smith, the purchase price of the property was to have been deposited in the bank of Leadville, to the credit of plaintiffs.   The money was so deposited, but by the act of Tabor and Smith it was rendered unavailable to plaintiffs and expensive litigation thereby precipitated.

The fact that plaintiffs afterwards were willing to abandon all claim to the money, provided they could recover the property deeded, or if it appears that they preferred the property rather than the money, should not defeat their right to damages.   Finding that they could not obtain the⸱purchase price, it was natural that they should desire a reconveyance of the property.   Had Tabor and Smith consented to such reconveyance, the controversy would without doubt have been adjusted upon this basis.   They would not so consent.   By moving for a dissolution of the injunction by which the money was tied up, Tabor and Smith confessed that the writ was wrongfully sued out, and plaintiff's right to damages must be sustained.

The judgment will be affirmed.

*Affirmed.*