FLORENCE LOSEE, RESPONDENT, v. J. L. CRAWFORD, ET AL., APPELLANTS.*

Kansas City Court of Appeals. March 5, 1928.

684

*Corpus Juris-Cyc References: Estoppel, 21CJ, section 227, p. 1223, n. 23; p. 1225, n. 27; Injunctions, 32CJ, section 520, p. 316, n. 86; section 744, p. 434, n. 84; section 767, p. 445, n. 62; section 833, p. 482, n. 12; Principal and Surety, 32Cyc, p. 14, n. 5.

*H. G. Leedy* and *C. A. Leedy, Jr.* for respondent.

*Alpha N. Brown* for appellant.

FRANK, C.—This is an appeal from an order and judgment overruling a motion to assess damages on an injunction bond.

On June 23, 1927, respondent filed her petition in the circuit court of Jackson county, the purpose of which was to determine the rights and interest of respondent and appellants in and to certain real estate in said county, and ancillary thereto, sought to restrain and enjoin appellants from the further prosecution of a suit for unlawful detainer of the premises in question which appellants had theretofore instituted against respondent in the justice court. Plaintiff filed an injunction bond in the sum of $500, signed by C. M. Vining and W. H. Glaskin. This bond was approved and a temporary injunction granted, enjoining appellants from the further prosecution of said unlawful detainer suit in the justice court. Appellants filed a motion to dissolve the temporary injunction. Evidence was heard on the motion on October 11, 1922, and an order entered continuing the motion for hearing until the case could be heard on its merits and continuing the injunction bond in force until that time.

The case was tried on February 10, 1923, and the temporary injunction was by order and judgment of the court dissolved and a judgment and decree on the merits entered in favor of defendants.

On March 1, 1923, defendants filed their motion to assess damages on the injunction bond, to which plaintiff filed answer. The motion was continued from term to term until October 9, 1926, when it was, by agreement, tried to the court. At this hearing, defendants introduced evidence tending to show that they had been damaged on account of the injunction, also the amount of such damage. Defendants also offered in evidence the injunction bond which, on objection of plaintiff, was excluded by the court on the ground that it was not signed by plaintiff, who was named in the bond as principal. At the

close of the evidence offered by defendants, the court sustained a demurrer thereto, overruled defendants' motion to assess damages on the bond and rendered judgment in favor of plaintiff.

Appellants contend that the court erred in sustaining plaintiff's objection to the introduction of the bond in evidence, erred in sustaining plaintiff's demurrer to the evidence, and erred in overruling defendant's motion to assess damages on the bond. Four reasons are assigned in support of appellants' contention which we will discuss in the order they are presented in brief.

The first contention is that the evidence showed that defendants were damaged by the injunction and restraining order and for that reason damages should have been assessed. The evidence did tend to show that defendants were damaged by the injunction, and the demurrer should not have been sustained for lack of evidence on that score.

The second contention is that the bond was admissible in evidence and was binding on plaintiff and the sureties, Vining and Glaskin, although it was not signed by plaintiff.

Section 1957, Revised Statutes of Missouri 1919, provides, among other things, that no injunction, unless on final hearing or judgment, shall issue in any case, until the plaintiff or some responsible person for him, shall have executed a bond with sufficient surety or sureties to the other party, etc.

Relying on this statute, appellant's contend that although plaintiff did not sign the bond, its execution by the sureties was an execution by a responsible person for plaintiff and was, therefore, a compliance with the statute. Teasdale v. Jones, 40 Mo. App. 243, is cited in support of this contention.

In the Teasdale case, one Coats was plaintiff in an injunction suit. He was not named as principal in the injunction bond and did not sign it. The bond presented by him was made by John Mastin " 'as principal for plaintiff' and D. C. Mastin as security.'' The court held this to be a valid bond, and, we think, correctly so. The statutory provision that an injunction bond may be executed by some responsible person for the plaintiff, with sufficient surety, etc., means that such person stands as principal in said bond instead of the plaintiff. The bond in the Teasdale case recited that it was made by John Mastin, as principal, for plaintiff. This was a compliance with the statute. Mastin stood in the shoes of plaintiff as principal and executed the bond for him.

In the case at bar, the bond was not executed by the plaintiff, neither was it executed by a responsible person for her. The bond recites that we, Florence Losee, as principal, and C. M. Vining and W. C. Glaskin as sureties are held and firmly bound, etc. Florence Losee did not sign the bond. It is signed by the sureties only. There is no recitation in the bond that the sureties signing it, executed it

for or on behalf of the plaintiff who was named as principal. On the contrary, the bond recites that the parties signing it are sureties for the principal named in the bond. Neither is there any evidence showing that the sureties consented or agreed to be bound in event the principal did not sign the bond. These facts show there was no principal in the bond. Where there is no principal, there is no surety. [North St. Louis Building & Loan Ass'n v. Obert, 169 Mo. 507, 520.]

The bond considered in Teasdale v. Jones, supra, was executed in the manner provided by statute, that is, *by a responsible person as principal for the plaintiff*. The bond in the case at bar was not executed *by plaintiff* or *by any person for the plaintiff*. For these reasons, the Teasdale case is no authority for appellants' contention, and is not controlling in this case.

Appellants also cite Ellestyn v. Gold Corporation, 196 Pac. 184, Brown v. Melloon, 170 Iowa, 49, 152 N. W. 75, Ann. Cases 1917C, 1070, and Smith v. Atkinson, 18 Colo. 255, 32 Pac. 425, in support of their contention that the bond in this case, although not signed by plaintiff, is a valid bond and binding on plaintiff and the sureties thereon.

It is true that the bonds considered in the cited cases were held to be valid and binding, although not signed by the principal. These cases, however, were decided on the theory that the liability of the principal did not depend upon the execution of the bond; that the principal's obligation was not created by the bond; that the principal would have been liable though no bond had been given, and his signature to the bond would have added nothing to his legal liability. In other words, where the principal is bound, the surety is also bound, and if the principal is independently bound for the damages secured by the bond, his failure to sign the bond, would not relieve the sureties, because the bond guarantees to pay whatever damages and costs that shall be adjudged against plaintiff, if the injunction be dissolved.

An example of the holding in the cases cited by appellant is found in Smith v. Atkinson, 18 Colo. 255, 32 Pac. 425, in the following language:

The cases cited by appellant are not controlling in the case at bar, because in Missouri, an injunction plaintiff is not liable to defendant in damages after dissolution of the injunction, unless he had made himself so by giving bond. Where no bond is given, no damages can be assessed.

Prior to the enactment of the statute making the giving of a bond a prerequisite to the issuance of an injunction before final hearing or judgment, no damages could be assessed on dissolution of an injunction, because such damages were regarded as resulting from the order and judgment of the court granting the injunction, and not from

the act of plaintiff in suing out the injunction, if he acted in good faith in so doing. Under this practice, injunctions issued on the *ex parte* application of plaintiff, often resulted in serious damages to defendant, for which he had no remedy. This condition gave birth to the doctrine that courts of equity had inherent power to require a plaintiff to give security by bond or otherwise, before a temporary injunction issued, to secure to defendant the payment of damages, if any, suffered by him on dissolution of the injunction. Later a statute was passed which makes the giving of a bond by an injunction plaintiff, a prerequisite to the issuance of an injunction, except upon final hearing or judgment.

Speaking of the law in Missouri prior to the passage of this statute, the Supreme Court in The City of St. Louis v. The St. Louis Gas Light Company, 82 Mo. 349, 355, said,

"Where a suitor procures a writ or order of injunction upon a fair presentation of facts to the court in good faith he has never been regarded as responsible in damages therefor, either in law or equity, unless he had made himself so by some voluntary undertaking."

In discussing the effect of the statute on the law as it existed prior to the enactment of the statute, the court said,

"There is nothing in the language or phraseology to indicate that the Legislature intended to extend the jurisdiction of the court or the liability of the plaintiff in respect to damages. The section evidently relates to damages for which the plaintiff has given his undertaking of indemnity. This is clear from the subsequent section . . . which requires the damages so ascertained and assessed to be entered in the form of a judgment against the obligors in plaintiff's bond. Indeed, there is no provision for the assessment of damages as incident to a bond."

Such being the rule in Missouri, it seems clear that no damages can be legally assessed against respondent, unless she gave a valid injunction bond. The bond in this case recites that respondent is principal and C. M. Vining and W. C. Glaskin are sureties. Respondent did not sign the bond. It is signed by the sureties only. There is no recitation in the bond or anything in the evidence introduced tending to show that the sureties agreed that the bond would become effective, without the signature of respondent as principal. The law applicable to the state of facts presented in this case is well stated in Gay v. Murphy, 134 Mo. 95, 106, in the following language:

"With respect to official and other statutory bonds, which are in the one instance required by statute to be executed by the officer, and in the other to be given by the principal in the bond, the weight of authority is in accord with the ruling of this court in the Jetmore case, 70 Mo. 228; that is, if the name of the principal is called for in the bond, and it is not signed by him, it is not only void as to him, but as to all who sign it as sureties. And it makes no difference

whether it be in form joint or several, and, if the obligee would hold them liable on it, he must show that they consented to be bound without the signature of the principal. When there is no principal in such case, there is no surety.''

Gay v. Murphy, supra, is cited and approved in North St. Louis Building & Loan Ass'n v. Obert, 169 Mo. 507.

The same doctrine is announced in Sanfranski v. Railroad, 75 N. W. 17, cited and relied on by appellants.

A different rule would prevail if respondent had signed the bond as principal and one of the sureties had failed to sign. In that situation, the bond would have been prima-facie binding on all who signed it. [Gay v. Murphy, supra.]

The bond in this case names respondent as principal. She does not sign it, and no one executes it for her. The sureties did not agree to be bound without her signature. In this situation, we must, and do hold, that the bond is void as to both principal and surety.

Appellant next contends that respondent's conduct in presenting the bond to the court, asserting its validity, and obtaining a temporary injunction by reason thereof, estops her from now denying liability on the bond by reason of its invalidity.

We recognize the well-settled rule that a party will not be permitted to take inconsistent positions in a legal proceedings, but this rule has no application to the facts here in judgment. The injunction bond tendered in this case was void. A void bond is no bond. The right to issue a temporary injunction is prohibited by statute, until a valid bond is given. Where, as here, a temporary injunction is issued without bond, it is void, disobedience to its commands is not a contempt, and it is not binding on any person it seeks to restrain. [State ex rel. v. McQuillan, 260 Mo. 164, 174, 175.]

Defendants were duly served with process and were legally in court for all purposes. We must presume that they knew of the various steps taken in the litigation and knew that the temporary injunction was issued without a bond. If they chose to obey an absolutely void injunction, their act in so doing was purely voluntary, and if damages resulted from such obedience, they must bear the consequences of their own voluntary act. Estoppel arises only when one has been misled to his hurt by the conduct of another. We cannot say that defendants were mislead into obeying an injunction which they knew to be void, by the act of plaintiff in suing out the injunction. Plaintiff is, therefore, not estopped to assert the invalidity of the injunction bond. Defendants do not plead that plaintiff is so estopped.

The next and last contention is that the order of the court made on March 20, 1926, overruling plaintiff's objection to assessing damages on the bond became final with the lapse of the term and the court had no authority to reverse its ruling when the case was heard on the

motion to assess damages at a later term. There is no merit in this contention. It is true that on March 20, 1926, the court overruled plaintiff's objection to assessing damages on the bond, but the record does not show that the motion to assess damages was heard or a judgment rendered thereon at that time. On the contrary the record shows the evidence heard on the motion on October 9, 1926, and the cause taken under advisement until March 5, 1927, at which time the motion was overruled.

We find no reversible error in the record, and therefore affirm the judgment. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.