J. J. Williams v. Pemiscot County, J. A. Franklin, T. R. Cole and J. H. Henderson, Judges of the County Court of Pemiscot County, and Tom J. Darnell, Appellants.—133 S. W. (2d) 417.

Division Two, November 22, 1939.

R. W. Hawkins and Ward & Reeves for appellants.

416

*George H. Traylor* for respondent.

WESTHUES, C.—This is a suit to try and determine title to an island in the Mississippi River. There was a verdict and judgment for the plaintiff and defendants appealed. Plaintiff Williams claimed to have acquired title by adverse possession. The petition described the land as follows:

" 'An island known as Williams' Big Island lying south of Sec-

tion 18 and south and east of Sections 23, 24 and 26, all of said sections being in Township 20, North, Range 14 East, in Pemiscot County, Missouri, said island lying, being and situate in the Mississippi River and connected up with what is known as Williams' Little Island which adjoins and connects up with said Section 18, said island lying in the Mississippi River in a general east and west direction and being some three or three and one-half miles in length and one or one and one-half miles in width in stages of low water, said island also lying opposite what is known as Turkey Island in Lake County, Tennessee, on the Tennessee shore;' ''

The cause was tried before a jury and the following verdict was returned:

" 'We, the jury, find that the plaintiff has been in the actual, open, notorious and adverse possession of the following land, to-wit: One Hundred and fifty Acres of choice land covering the land cultivated on Adkins Island, lying, being and situate in Pemiscot County, Missouri, for a period of more than ten years before the institution of this suit.

" 'Finice A. Miller, Foreman.' ''

The judgment of the lower court read as follows:

" 'And, now, to-wit, on the same date, February 26, 1934, the jury returned into court the following verdict: "We, the jury find the plaintiff has been in the actual, open, notorious and adverse possession of the following described land, to-wit, 150 acres of choice land covering the land cultivated on Adkins Island, lying, being and situate in Pemiscot County, Missouri, for a period of more than ten years before the institution of this suit.

" ' "Finice A. Miller, foreman."

" 'It is therefore ordered, considered and adjudged by the court that the plaintiff herein has title of in and to 150 acres of the land mentioned in the verdict of the jury as Adkins Island, and described in the petition herein, to-wit, An Island known as William Big Island lying south of Section 18 and south and east of Sections 23, 24 and 26, all of said sections being in Township 20, North Range 14 East in Pemiscot County, Missouri, and said Island lying, being and situate in the Mississippi River and connected with what is known as Williams Little Island, which joins and connects with said Section 18 of said land lying in the Mississippi River in a general east and west direction; by virtue of the ten year Statute of Limitations, and that defendants have no right, title or interest of in and to said lands; and that plaintiff have his costs in this behalf expended and that execution issue therefor.' ''

The record shows that defendants filed a motion for new trial on February 28, 1934, and thereafter on the same day a motion in arrest of judgment was filed. On May 28, 1934, the court overruled the motion for new trial, but the motion in arrest of judg-

ment was not overruled until November 16, 1937. During the same term at which the motion in arrest was overruled defendants applied for and were granted an appeal to this court. Leave to file a bill of exceptions was also given. A bill of exceptions was filed in due time and approved by the court. Respondent in his brief insists that the appeal should be dismissed. For fear we may misinterpret respondent we set forth the following from the record:

"The fact that the appeal was not taken by appellants during the term of Court at which the motion for new trial was overruled and for more than three years after their motion for a new trial was by the Court overruled is absolutely fatal to appellants' appeal for the reason that the appeal was not taken from the order of the Court in overruling appellants' motion in arrest of judgment. This Court is without jurisdiction, except to dismiss the appeal.

"Sections 1018 and 1020, Revised Statutes Missouri, 1929.

"This appeal, not taken from the order overruling the motion for a new trial, and not taken within the time prescribed by Statute, will be dismissed."

█ No appeal lies from an order *overruling* a motion for new trial or in arrest of judgment. The statute, Section 1018, Revised Statutes 1929 (Mo. Stat. Ann., p. 1286), authorizes an appeal from an order *sustaining* such motions. When the motions are overruled the party deeming himself to be aggrieved by the judgment may appeal from the judgment entered but not from the order overruling the motions. [Bonfils v. Martin's Food Service Co., 299 Mo. 500, 253 S. W. 982.] In this case appellant did not take an appeal from the order overruling the motion in arrest but the appeal was taken from the final judgment entered. This was proper. [State v. Larew, 191 Mo. 192, 89 S. W. 1031.] █ A specific assignment in the motion in arrest was, that the verdict did not describe the land sued for herein and was insufficient. The question of whether the record contains vital errors or defects is before us for review. [City of St. Louis v. Senter Commission Co., 340 Mo. 633, 102 S. W. (2d) 103.] Much has been said by this court on motions for new trial and in arrest of judgment and the functions they perform. See City of St. Louis v. Senter Commission Co., supra, where numerous cases were reviewed. [Porter v. Chicago, B. & Q. Ry. Co., 325 Mo. 381, 28 S. W. (2d) 1035; Stid v. Mo. Pac. Ry. Co., 211 Mo. 411, 109 S. W. 663; Stevens v. D. M. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2d) 899.] See, also, 6 Kansas City Law Review, number 3, page 163, an article on motions after verdict, by the Honorable L. M. Hyde, commissioner of this court; 2 Houts Missouri Pleading and Practice, sections 455 and 536. █ The practice prevails in our State to enter judgment immediately after verdict, but such judgments are considered only interlocutory upon the filing of a motion for new trial or in arrest of judgment. The judgment becomes final when

the motions are overruled. [Lee's Summit B. & L. Assn. v. Cross, 345 Mo. 501, 134 S. W. (2d) 19, decided by Division One of this court.] So the judgment in this case did not become final until the trial court had ruled on the motion in arrest. Had the trial court sustained the motion, would respondent contend that he had no right of appeal from that order? We hold therefore that defendant had the right to take an appeal from the judgment entered at the same term the motion in arrest was overruled.

It hardly seems necessary to cite cases in support of appellants' contention that the verdict and judgment in this case are void for uncertainty. A judgment or decree in a quiet title suit that does not describe the land affected fails in its purpose. The petition in this case described the land as being an island three and one-half miles in length and one and one-half miles in width. Of this vast tract of land claimed by plaintiff in his petition the jury by their verdict only gave the plaintiff one hundred and fifty acres and described it as one hundred and fifty acres of choice land. The judgment followed the wording of the verdict except that it indicated that Williams Big Island described in the petition was the same island as Adkins Island mentioned in the verdict of the jury. In Brummell v. Harris, 50 S. W. 93, l. c. 98 (4), 148 Mo. 430, l. c. 446, this court said:

"Therefore the verdict must so describe the land which the plaintiff recovers as that the description alone will show the sheriff exactly what he is to take from defendants and give to plaintiff. It is not sufficient to refer to evidence whereby the sheriff may ascertain what the jury intended to find, but failed to express. And the burden is on the plaintiff to give the jury such fixed monuments or official documentary data as will enable them to describe the land they intend him to recover with so much certainty that the sheriff without other evidence may execute the writ."

A similar ruling was made in Jones v. Eaton, 307 Mo. 172, l. c. 184, 270 S. W. 105, l. c. 109 (5). [See, also, 19 C. J. 1208, sec. 300.] It is all important that decrees affecting title to real estate should describe the land in question with certainty. When the evidence leaves the description uncertain trial courts have the power to appoint a commission to make a survey before entering a judgment. Such a procedure received the approval of this court in Point Prairie Hunting & Fishing Club v. Schmidt, 44 S. W. (2d) 73, l. c. 76 (2). The party claiming the land of course had the burden to introduce evidence from which the court and jury may obtain a correct description.

Since the judgment of the trial court must be reversed and the cause remanded it is unnecessary to consider assignments of error pertaining to the trial. Also we need not rule whether appellant has

420

preserved matters of exception for our review. The judgment is reversed and the cause remanded. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.