**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Appellant,**

v.

**Elwyn Loomis CADY, Annabel Cady, Defendants-Respondents.**

No. 23773.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1963.

Robert L. Hyder, Melvin Englehart, Jefferson City, for appellant.

Elwyn L. Cady, Jr., Kansas City, for respondents.

ANDREW JACKSON HIGGINS, Special Judge.

Plaintiff-appellant filed a petition to condemn certain lands for Route CC in Livingston County which included a taking of certain right-of-way from defendants-re-

spondents. Condemnation was ordered and commissioners were appointed by the court. Their report found no net damages due defendants. Defendants duly filed their exceptions to the report of commissioners and the case was set down for trial by jury.

Upon trial defendants assumed the burden of proof and were accorded the right to open and close. The petition described the taking as 0.52 acre of new right-of-way, and 1.21 acres for construction and maintenance of a channel change. Defendants' first offer of proof was an unsuccessful request that the court take judicial notice of a sale of a tract reportedly contiguous to the tracts in question. The only other evidence offered by defendants was the testimony of their son who was also their attorney. Over objection of plaintiff, he stated that at a time just before the petition was filed the one acre of land which was immediately contiguous or adjacent to the land in question sold at auction for "special purposes" and brought twenty-one hundred dollars. The witness admitted on cross-examination both in open court and outside the hearing of the jury that he had no personal knowledge of such facts and that any knowledge he had was acquired through hearsay. He also admitted he was not an expert on land values. The numerous timely objections to this offer were eventually sustained. Upon this state of the record the defendants rested, and, upon motion by plaintiff, the court directed a verdict for the plaintiff. This was accomplished by the giving of Instruction No. 1, which is as follows:

"At the close of the Defendants' evidence, the Court instructs the jury that on the law and the evidence the defendants are not entitled to recover against the plaintiff damages for the taking of their property by the plaintiff; and you will therefore return a verdict in favor of the plaintiff and against the defendants".

Defendants duly filed their Motion for New Trial which was sustained by the court "because of error in giving Instruction No. 1 and further, because the plaintiff has not at any stage of this cause offered proof that plaintiff and defendants were unable to agree upon compensation, if any, for the taking of defendants' land, nor had plaintiff offered any evidence that any negotiations were ever attempted; it being a jurisdictional fact, such fact must not only be pleaded but proven, and the verdict and judgment entered in this cause are hereby set aside." * * * From this order and judgment granting defendants a new trial the plaintiff has appealed.

Plaintiff-appellant contends that Instruction No. 1 was proper for the reason that defendants failed to sustain the burden of proving damages as a result of the condemnation. It is true that the landowner has the burden of showing his damages by competent evidence. State ex rel. State Highway Comm. v. Esselman, Mo. App., 179 S.W.2d 749; Cape Girardeau & C. R. Co. v. Bleechle, 234 Mo. 471, 137 S.W. 974. Hence, the trial court properly ordered the hearsay testimony stricken and likewise properly denied the request for judicial notice. This, then, left only the fact of the taking as a basis for submission. Of the existence of this fact there can be no doubt inasmuch as plaintiff clearly represents in its petition that it does thereby acquire certain lands belonging to defendants for a public use. An appropriation of private property from defendants for public use is thus effectively admitted. Article 1, Section 26 of the Missouri Constitution, V.A.M.S., provides in part: "That *private property shall not be taken* or damaged *for public use without just compensation*". (Emphasis supplied.) In view of this constitutional admonition and guarantee we believe that the fact of taking of property owned by defendants constitutes a prima facie case, thus giving rise to a right to have the value of same determined by a jury. Had the jury upon such a submission returned a verdict of no damage we feel the defendants would have no complaint inasmuch as their record provided

no evidence tending to prove the dollar value of the damage, if any, occasioned by the admitted taking. By the same token the jury under proper instruction could have found damages within reasonable limits of their own experience and observation in the common affairs of life. Upon this rationale it was error for the court to foreclose defendants from a jury determination by giving Instruction No. 1, and the learned trial judge quite properly reversed himself and granted a new trial.

■■ Appellant next contends that the court erred in granting a new trial for the reason that plaintiff had not offered proof of the parties' inability to agree on compensation or that there had in fact been any negotiations for that purpose. Plaintiff's petition was filed October 1, 1959, and the court (Honorable James W. Davis) set hearing thereon for December 8, 1959. On that date defendants filed their answer. The important substance of the answer is a denial of the allegation that the parties could not agree on compensation and a further denial that any offer of compensation had been attempted by plaintiff. In this connection defendants prayed that they be discharged for failure of such jurisdictional prerequisites. This prayer was overruled and condemnation was ordered and accomplished. Upon the filing of the report of commissioners defendants again raised their points relative to offer and negotiation and the motion was renewed prior to commencing the trial out of which this appeal arose. On each of these occasions the motion was overruled. Plaintiff's petition alleged that, "Relator cannot agree with the owners of the land, property and rights herein described, upon the proper compensation, if any, to be paid therefor". Insofar as the petition is concerned we hold this to be sufficient averment of such jurisdictional statement. Rule 86, Rules of Civil Procedure, V.A.M.R.: Section 523.010 V.A.M.S. Appellant contends that this is sufficient without further showing to confer jurisdiction on the circuit court relying on Corey v. Chicago, B. & K. C. R. Company, 100

Mo. 282, 13 S.W. 346, l. c. 347, 348, which holds that it is not necessary for the condemning authority to prove inability to agree upon compensation by *oral testimony*. (Emphasis supplied.) Appellant also cites Southern Illinois & M. Bridge Co. v. Stone, 194 Mo. 175, 92 S.W. 475, l. c. 478, where defendants asserted there was no evidence that plaintiff endeavored to agree on compensation. There the court reiterated the holding in Corey, supra, saying that the plaintiff might sustain the averment "by facts and circumstances, of which there was an abundance in this case to show that no efforts, however strenuous, upon the part of the plaintiff, would have resulted in such agreement". We agree with the holdings in those cases. However, the best service they can perform for plaintiff in the instant case is to indicate that plaintiff's petition conferred jurisdiction on the circuit court in the first instance, i. e., at the time of filing the petition. We cannot overlook the fact, conceded by appellant, that the record before us is void of any proof by testimony, facts and circumstances, or otherwise by which it might be inferred that the averment had at any time been sustained. Inability of the parties to agree upon compensation to be paid is jurisdictional and must be pleaded. State ex rel. State Highway Comm. v. Williams, Mo. App., 69 S.W.2d 970, 971. *It follows that if it is necessary to so plead, then it is necessary to so prove.* (Emphasis supplied.) School District of Clayton v. Kelsey, 355 Mo. 478, 196 S.W.2d 860, l. c. 861. See also to the same effect Caruthersville School Dist. No. 18 of Pemiscot County v. Latshaw, 360 Mo. 1211, 233 S.W.2d 6.

Appellant cites cases on the proposition that there is always a presumption of jurisdiction and right action by a court of general jurisdiction. State ex rel. Nickerson v. Rose, 351 Mo. 1198, 175 S.W.2d 768; Ruckman v. Ruckman, Mo.App., 337 S.W.2d 100; Brinkerhoff-Faris Trust & Savings Company v. Gaskill, 356 Mo. 61, 201 S.W.2d 274. However, in view of the complete lack of proof in this record to sustain the juris-

dictional averment in question and in view of defendants' diligence in preserving the point throughout, we are disinclined to indulge this presumption in favor of appellant here. Necessity is the underlying basis for the sovereign's exercise of the power of eminent domain. No such necessity can exist until it be shown that the parties cannot agree in private negotiation. Our landowners should not be haled into court, nor should dockets be burdened with such litigation until it is made to appear affirmatively that negotiations have been attempted and have failed.

Appellant further contends that it is not necessary for the appellant to make an offer of a certain sum of money in order to constitute an attempt to agree, and that the statutory requirement of an attempt to agree could be satisfied by offsetting benefits. This proposition may well be true, but even so, it must be proved when the required statutory allegation is put in issue as it is here.

■ Accordingly, we rule that not only is it necessary for the condemning authority to allege an inability to agree upon proper compensation to confer jurisdiction for the filing of a petition in condemnation, but that it is equally necessary that such allegation be proven on the record in order that jurisdiction be not thereafter ousted. It follows that on this point also the trial judge properly granted a new trial, and for this additional reason the cause must be remanded, in which case such jurisdictional fact can be accomplished prior to further trial proceedings.

Respondents also raised questions by their answer brief in the form of motions attacking the sufficiency of the statement of jurisdiction, alleging improper statement of facts and lack of jurisdiction. Suffice it to say that we find these motions immaterial and without merit, and we overrule them without discussion inasmuch as we here sustain the trial judge in all relief requested by and granted to respondents.

The order and judgment of the trial court granting defendants a new trial is affirmed, and the cause is remanded for proceedings consistent with this opinion.

All concur.

SPERRY, C., not participating.