STATE of Missouri, ex rel. COUNTY OF
SHANNON, Plaintiff-Respondent,

v.

William H. CHILTON and Linda Chilton,
Defendants-Appellants.

No. 12262.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 22, 1981.

No appearance for plaintiff-respondent.

Margaret Zonia Morrison, Walter J. Gelber, Inc., Clayton, for defendants-appellants.

PREWITT, Presiding Judge.

This action was brought by the prosecuting attorney of Shannon County at the instigation of one or more members of the county court purporting to act for the county.[1] The petition requested an injunction ordering defendants to remove "boulders" they had placed on the right-of-way of a county road lying immediately west of defendants' property and to refrain from harassing, interfering, or impeding county employees from discharging their duties in connection with maintaining that road. On the day the petition was filed the court entered a temporary restraining order prohibiting defendants from harassing, interfering or impeding county employees from discharging their duties and ordering defendants to remove "huge rocks (boulders) from the County road's right-of-way lying immediately West of Defendants' property."

Defendants answered by denying that they placed any rocks in the right-of-way of a county road or harassed, interfered with or impeded any county employees in their duties. They also filed a counterclaim in two numbered counts. Count I sought damages for damage to defendants' property and fences due to "careless and negligent use" of county grading equipment by county employees. Count II sought damages for the appropriation of defendants' property by the county by its widening the roadway along defendants' property. Defendants also sought a declaratory judgment asking the trial court to declare that the claimed roadway is not a public road but if the court declares it is so, that the county has only an easement of 7½ feet along the edge of defendants' property for the west half of the roadway.

The evidence showed that defendants had placed large rocks around their fence posts along the road, but there was no evidence that defendants had placed any rocks or boulders upon the traveled portion of the roadway. Nor was there evidence that defendants had harassed, interfered with or had impeded any of the county employees in performing their duties. Defendants presented evidence that they were damaged due to the county grading equipment cutting into their land beyond the roadway, striking their fence posts, and pushing dirt up against their fences. Their witnesses also testified that in recent years the county's employees by use of grading equipment had moved or expanded the roadway further onto defendants' property.

---

1. No question has been raised as to the propriety of denominating this action as brought by the state on the relation of the county. The parties treated this action as being brought by Shannon County and we so treat it in this opinion.

The trial court found that the roadway was a public road, and "that the acts complained of, one against the other are nothing more than technical violations of property under the control of said parties and that both parties have sustained damages as a result of the conduct of each other but that said damages are inconsequential." The trial court denied all relief sought by the parties.

Defendants have five points relied on. Summarized they are: 1) The trial court erred in not assessing damages against plaintiff on Count I of defendants' counterclaim because there was evidence of damages suffered by defendants but none by plaintiff; 2) the trial court erred in not awarding defendants actual and punitive damages on Count II of their counterclaim because of plaintiff's unlawful appropriation of defendants' land; 3) the court erred in declaring that the roadway was public, but if this was not error, then the court erred in not specifically identifying the boundaries of the road; 4) the trial court erred in not granting to defendants their costs and attorney's fees; and 5) the court erred in not granting defendants' motion for reconsideration, for the same reasons as are set forth in points one through four.

We initially consider defendants' first point. They contend there that the trial court should have assessed damages against plaintiff on count one of defendants' counterclaim. It is claimed that defendants' land and fences were damaged as a result of negligent operation by county employees of the county's road grading equipment.

■ We first consider whether Count I can be maintained against the county. Section 537.600, RSMo 1978, restores the doctrine of sovereign immunity as it previously existed in this state prior to September 12, 1977, with two exceptions, one being "Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course of their employment". On September 12, 1977, the decision in *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo.banc 1977), was handed down which abrogated sovereign immunity against tort liability to claims arising on or after August 15, 1978. Prior to that decision counties were immune from tort liability. *Mattingly v. St. Louis County*, 569 S.W.2d 251, 252 (Mo.App.1978). See also *Conner v. Crawford County*, 588 S.W.2d 532 (Mo.App.1979). No challenge was made here to the validity of this statute.

It was not disputed that employees of the county operated the grader within the course of their employment. A road grader is a motor vehicle. *Ely v. Parsons*, 399 S.W.2d 613, 616 (Mo.App.1966). See also *Penn v. Columbia Asphalt Company*, 513 S.W.2d 679, 686–687 (Mo.App.1974). We next must determine if the damages claimed here were injuries under that statute.

■ The statute does not purport to limit injuries to bodily injuries to a person and we think that by referring to injuries the legislature intended to include property damage. "Injure" is a word of "very wide application" which includes violations of rights both to persons and property. *State v. Harroun*, 199 Mo. 519, 98 S.W. 467, 470 (1906); *Dohring v. Kansas City*, 228 Mo. App. 519, 71 S.W.2d 170, 172–173 (1934); *St. Clair v. Douvas*, 21 Ill.App.2d 444, 158 N.E.2d 642, 646 (1959); Black's Law Dictionary, 5th Ed. (1979), p. 706; 43A C.J.S. Injury, pp. 765–768. Defendants' claim for damage to their property due to negligent operation of road graders is within an exception to § 537.600 and may be brought against the county.

■ The trial court found that defendants were damaged but apparently offset defendants' damages with those to plaintiff, finding that both were "inconsequential". Plaintiff neither sought nor proved any monetary damages; thus there were none to offset against defendants' damages. While the court may not have felt that the damages proven were of any real consequence or importance, nevertheless, defendants would be entitled to such damages as were proved. Accordingly, we reverse and remand for the trial court to enter a judg-

ment in favor of defendants for the amount that the trial court finds they were damaged as a result of the negligence of plaintiff's employees since August 15, 1978.

In their second point defendants contend that the trial court erred in not finding for them on Count II of their counterclaim and awarding them actual and punitive damages for the unlawful appropriation of their land. Defendants presented evidence that the roadway had been widened by the county beyond the width originally used by those traveling the road without any court proceedings. Defendants' theory in this count appears to be inverse condemnation. However, no evidence was presented which even attempted to establish the value of the property allegedly taken or the before and after value of defendants' land.

█ In eminent domain proceedings the landowner has the burden to prove his damages. *State ex rel. State Highway Commission v. Kemper*, 542 S.W.2d 798, 803 (Mo.App.1976); *State ex rel. State Highway Commission v. Cady*, 372 S.W.2d 639, 640 (Mo.App.1963), appeal dismissed and cert. denied, 385 U.S. 204, 87 S.Ct. 407, 17 L.Ed.2d 300 (1966). See also M.A.I. 3.02 (1981). We see no reason why the same burden should not be on a party bringing an inverse condemnation proceeding. We find no Missouri case which considers it, but that appears to be the rule in the states that have considered it. 30 C.J.S. Eminent Domain § 427(b), pp. 560–562. As the amount of damage due to the alleged taking was not shown, defendants cannot complain of the failure of the trier of fact to award damages to them. *State ex rel. State Highway Commission v. Cady*, supra, 372 S.W.2d at 640–641. We also believe that punitive damages cannot be assessed against the county. See *Chappell v. City of Springfield*, 423 S.W.2d 810, 813–815 (Mo.1968); Missouri Civil Actions Volume II, The Missouri Bar (1981), § 21.54; Missouri Local Government Law, The Missouri Bar (1975), § 9.17. Point two is denied.

█ Defendants contend in point three that the evidence was insufficient for the court to find that a public road had been

established. We disagree. The evidence was more than sufficient for the trial court to determine that a public road was established under § 228.190, RSMo 1978. There was testimony that since the late 1950's the county had maintained the road by grading it and applying gravel and that the road had been continually used by the public since before that time. The evidence here showed at least as much county maintenance and public use as that in *Arrington v. Loehr*, 619 S.W.2d 888, 891 (Mo.App.1981), in which this district affirmed a finding that a roadway was public under that statute.

Defendants also contend as a part of this point that if the roadway is public, the trial court erred in not specifically identifying the boundaries of the road. Defendants had requested a declaratory judgment that the road was not public but also requested that if the road was found to be a public road that the trial court "declare that Plaintiff County is found to have an easement of only Seven and One-Half (7½) Feet from the western edge of Defendants' property line" for the road. They contend that unless this is done "there is real likelihood of continuing litigation or difficulties arising out of the fact that the boundaries of this road remain unidentified".

█ The background and history of this litigation convinces us that defendants may be correct and that absent the trial court specifically declaring the boundaries of the road that it is likely that additional difficulties and perhaps litigation may develop between the parties. Declaratory judgment is a proper remedy to determine the controversy between parties as to the location of the roadway. See 26 C.J.S. Declaratory Judgments § 84, pp. 199–200. We believe we should remand for the trial court to declare the boundaries of the public roadway adjacent to defendants' land. The trial court may wish to hear additional evidence regarding this question and it can determine if a survey is necessary. Where the evidence leaves a description of property uncertain, trial courts have the power to direct a survey to determine the facts nec-

essary for a proper judgment and to tax the expense of the survey as cost. *Hart v. T. L. Wright Lumber Co.,* 355 Mo. 397, 196 S.W.2d 272, 278 (1946); *Williams v. Pemiscot County,* 345 Mo. 415, 133 S.W.2d 417, 419 (1939); *Allen v. Smith,* 375 S.W.2d 874, 883 (Mo.App.1964). This portion of point three is ruled in favor of defendants.

Point four contends the court should have granted defendants a judgment for their costs and attorney's fees. Court costs were assessed against plaintiff and there was no evidence that defendants had any expenses due to this litigation other than attorney's fees. We then consider whether defendants were entitled to recovery of those fees. Reasonable attorney fees rendered in proceedings directed at removing an injunction and releasing defendants from its restraint is a proper element of damages in assessing damages on an injunction bond. *Kelder v. Dale,* 313 S.W.2d 59, 61 (Mo.App.1958). At common law there was no liability incurred by a plaintiff who in good faith obtained an injunction; Missouri follows this rule except where an injunction bond is posted by rule or statute. *Seaton v. Western Auto Supply Co.,* 609 S.W.2d 207, 210 (Mo.App.1980); *Hamilton v. Hecht,* 299 S.W.2d 577, 579 (Mo.App.1957); *Losee v. Crawford,* 222 Mo.App. 683, 5 S.W.2d 105, 107 (1928). No bond was made here. The only exception to that rule is where the action was maliciously prosecuted. *Seaton v. Western Auto Supply Co.,* supra; *Hamilton v. Hecht,* supra. That does not appear to be defendants' theory of recovery on either count of their counterclaim and it would have been premature to have brought such an action by counterclaim. See *Niedringhaus v. Zucker,* 208 S.W.2d 211 (Mo.1948).

As no bond was filed here, there can be no recovery for attorney's fees due to the restraining order. There were no other circumstances here which would have entitled defendants to attorney's fees. See *Osterberger v. Hites Construction Company,* 599 S.W.2d 221, 230 (Mo.App.1980); *Rook v. John F. Oliver Trucking Company,* 505 S.W.2d 157, 161 (Mo.App.1973). We express no opinion on whether the restraining order issued without a bond was void. See Rule 92.02(c); *Ruddy v. Corning,* 501 S.W.2d 537 (Mo.App.1973). Point four is denied.

Defendants in point five contend that the court should have granted their motion for reconsideration for the reasons set forth in points one through four. What we have said above disposes of this point.

The judgment is affirmed in all respects except as to its denial of damages to defendants under Count I of their counterclaim and as to defendants' request for a declaratory judgment establishing the boundaries of the roadway. The portion of the judgment denying those claims is reversed and the cause remanded to the trial court for additional proceedings consistent with this opinion.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.