CITY OF MACON, Missouri, a Municipal Corporation, et al., Respondents,

v.

BLEES, STILL–HILDRETH BUILDING PRESERVATION, INC., Appellant.

No. WD 38382.

Missouri Court of Appeals, Western District.

May 12, 1987.

David W. Bear, Columbia, for appellant.

Donald E. Meyer, Macon, for respondents.

Before, KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

KENNEDY, Presiding Judge.

The City of Macon and the Housing Authority of the City of Macon condemned a leasehold interest held by defendant Blees, Still-Hildreth Building Preservation, Inc., in a building and grounds known as the Blees, Still-Hildreth Building. (The evidence refers to a "main building", a "west wing", a "north wing" and an "annex". We will refer to the entire property as a building.) Upon jury trial, the defendant was awarded $75,000 damages. Neither party appeals the amount of damages. The defendant appeals the order of condemnation, arguing for its single point on appeal that the evidence did not establish the jurisdictional fact that the condemning authority and the owners before the filing of the condemnation suit "[could not] agree upon the proper

compensation to be paid". Sec. 523.010, RSMo Supp.1983. Rule 86.04.

The defendant was a not-for-profit corporation whose sole purpose was to maintain and preserve the building, which is evidently a distinctive structure and an object of community pride. It is registered as a national historical site. The fee owner, the City of Macon, in 1979 leased it to defendant for a five-year term, perpetually renewable, for a rental of $1.00 per year. Defendant obligated itself under the lease to maintain the building.

The City decided in 1982 or 1983 to convert the building, or part of it, for use as housing for the elderly to be constructed by the Housing Authority. The main building would accommodate 60 housing units, not including the west wing thereof and not including the annex. Negotiations commenced to secure defendant's release of its leasehold interest. Apparently defendant did not object to the plan for the use of the building, but wanted to place restrictions upon its remodeling, presumably with the aim of preserving its distinctive character. Discussions among representatives of the City, of the Housing Authority and of the defendant continued for a space of some months, but eventually broke down without the parties' reaching an agreement. These discussions never included any consideration of monetary compensation for defendant's releasing its leasehold interest.

The City and the Housing Authority determined to proceed by eminent domain. After its first condemnation suit was dismissed by the court upon defendant's motion for failure to prove that the condemning authority and the owner could not agree upon the proper compensation to be paid, as required by § 523.010, the City and the Housing Authority secured an appraisal by a professional appraiser of defendant's leasehold interest. The appraiser, one Donald K. Johnson, conferred with representatives of the defendant and with its attorney, Mr. David Bear, in the course of his investigation. He appraised the value of defendant's leasehold interest at $2,500, and submitted to the City and the Housing Authority a written appraisal dated October 23, 1984.

**236**

The City and the Housing Authority, by letter dated October 23, 1984, offered this amount to defendant for its interest. The letter said:

The offer quoted may not be altered unless evidence is presented which indicates that some item of damage has been overlooked by the appraiser. In such case it will then be necessary to have an administrative review to determine if the offer should be changed. Should our offer not be acceptable to you our only alternative under established procedures is to proceed under the laws of eminent domain to resolve the value differences.

This letter was accompanied by a "summary statement of basis for amount established as just compensation", and also by a letter which stated: "This is to notify you that you have until 5 p.m., November 5, 1984, to accept this offer and if this offer is not accepted it will be deemed to be rejected and further appropriate action will be taken."

Defendant complains that the letter was a "take it or leave it" proposition which is not sufficient to satisfy the statutory requirement. Defendant's position is that the statute requires mutual discussion and a more protracted process of give-and-take bargaining. It cites for its position *State ex rel. State Highway Commission v. Cady*, 372 S.W.2d 639 (Mo.App.1963), and *State ex rel. State Highway Commission v. Pinkley*, 474 S.W.2d 46 (Mo.App.1971).

In the *Cady* case there was no evidence of any offer by the Highway Commission before the condemnation suit was commenced. In the *Pinkley* case, there was evidence of only a qualified, tentative offer which the court held was no offer at all. Neither case is authority for defendant's position here.

Here there was a definite offer by the condemning authority. It was made in good faith and in a reasonable amount; no one contends the contrary. It allowed a reasonable time for its consideration and acceptance or rejection. While it set a deadline for its acceptance, and seemed to foreclose any bargaining give-and-take, these facts do not make the City's and the Housing Authority's efforts unavailing as a jurisdictional predicate to the condemnation suit. The letter left room for increasing the amount of the offer if the owners could suggest any item of damage which the appraiser had overlooked. An owner who wished to negotiate would not have been put off by the deadline or by the tone of the letter; he would have submitted a counter-proposal at any time. The suit was not filed till November 30, 1984. If the condemning authority had determined to give the appraised value of $2,500 and no more, as the letter seems to say, § 523.010 does not require it to make a lower initial offer in order to leave room for negotiation. Not to be ignored, either, in the total process of preliminary negotiation, is defendant's opportunity to influence the appraisal by which the condemning authority would be guided. Representatives of defendant, including its attorney, Mr. Bear, were accorded fairly extensive consultation by the appraiser during his investigation.

Defendant's point is denied.

The judgment is affirmed.

All concur.